## W. H. LANDRAM ET AL *v.* A. B. CAMBERS ET AL.

### Injunction to Restrain Collection of Taxes.

The court has authority, upon final hearing, to grant a perpetual injunction, to restrain collection of tax assessments, though no temporary injunction had been sued out in the mean time.

### Same—Attorneys Fee not Allowed.

No attorneys fee can be allowed for services for defending a temporary injunction, granted in such case, as the jurisdiction of the court, for final adjudication, did not depend thereon.

### Appeal Bond—Liability of Obligors—Removal of Part From the State.

An appeal bond, to restrain the collection of taxes, covenants to pay the amount of the taxes restrained, and the fact of the amount of such taxes due by each obligor therein, could not be stated in the judgment, will not preclude its collection.

Same.

    This could only be done by the assessment books, and the amount ascer-
tained by the collector, as to who was liable, whether ad valorem, or poll.

Same.

    The removal from the state of some of the obligors in the bond, would
not relieve the others therein from liability for the amount of all taxes
enjoined. And any loss sustained by such removal, would be adjudged
against the remaining bondsmen.

### APPEAL FROM GALLATIN CIRCUIT COURT.

### February 2, 1870.

### OPINION OF THE COURT BY JUDGE HARDIN:

Appellants were a military committee appointed by a public meeting in Gallatin county to raise a fund and procure volunteer substitutes to prevent a draft on said county in the late civil war, and were subsequently authorized by several enactments of the legislature to act as such, and the county court was authorized to levy a poll and *ad valorem* tax to repay the money borrowed and raised by said committee, who had actually raised the necessary funds, procured the volunteer substitutes, and relieved the county from the impending draft.

Appellees being tax payers were resisting the collection of the tax and the validity of its assessment, and obtained an injunction against said committee and all others from proceeding to collect said tax until the case was finally adjudicated in the circuit court, which granted the injunction. To obtain this injunction they were required to execute a bond to creditors, etc., and did execute one of the bonds now sued on payable to said members of said military committee by name who were parties to this suit.

Upon the cause being finally adjudged against them, after a previous appeal, they appealed to this court, and executed to the members of said committee by name an appeal bond containing this covenant, to-wit:

> "and the above appellants will pay to the appellees all costs and damages that may be adjudged against the appellants on the appeal, and that they will satisfy and perform the said judgment in case it shall be affirmed, and any judg-

36

ment or order which the court of appeals may render or order to be rendered by the inferior court."

The breaches alleged are that several of these tax payers who obtained this injunction and appeal, and after their obtainment and before the final disposition thereof, removed from the state, taking all their property, and leaving nothing out of which their said taxes could be made, specifying the ₜamount due from each, and the subsequent insolvency of others. And the great costs for legal advice and attorneys fees amounting to some fifteen hundred dollars.

The issues are as to the responsibility of said appellees on these covenants for these various items.

The injunction sued out was to restrain the collection of the tax until final hearing, when they asked a perpetual injunction; this perpetual injunction, or so far as the parties were entitled to one, could have been as well granted on final hearing without as well as with said temporary injunction.

The court upon petition filed could upon final hearing have granted a perpetual injunction, though no temporary one had been sued out in the meantime. Its jurisdiction of the case or right of final adjudication in no wise depended on this temporary injunction, as was demonstrated by this court in *Benger v. Shorer, 14 B. Mon., 498,* and *Johnson v. Farmers Bank, 4 Bush, 285-6.* This demonstrates that no attorneys fee for the services rendered in defending the main object of the suit, that, the perpetual injunction, can be recovered on these covenants.

There is nothing in the case to show that the temporary injunction caused any of the costs of the attorneys fees; indeed, the whole case was conducted and defended upon the constitutional validity of said enactments, authorizing this tax, and the temporary injunction seems not have claimed or received any attention during the litigation.

But as the covenants are to and with these appellants, the apellees cannot be heard to say they are not injured by the removal of these tax payers, or the loss of their taxes, by reason thereof, or for insolvency. The whole case shows that both appellants and appellees regarded this committee and its members as trustees, and not as acting for their own individual interest. The first judgment of the lower court was that the prayer for a perpetual injunction

be wholly disallowed, and the temporary injunction dissolved. Upon appeal, this court affirmed in part and reversed in part the principles of said judgment, but the judgment was reversed with directions as to the principles upon which it should adjudicate the rights of the parties.

Upon the further adjudication of the circuit court and appeal this appeal bond was executed and this judgment was affirmed in whole.

The judgment ascertained who were and who were not liable and should pay their taxes, but did not, as it could not, in the very nature of things, ascertain the exact amount of the liability of each individual tax payer, for even the county court could not do this.

The county court makes the assessment upon the poll and on the hundred dollars of taxable property owned by each individual tax payer, but the collector, guided by the assessor's books, ascertains the amount of the taxable estate, as well as the poll tax due from each tax payer; for all persons liable to the *ad valorem* tax are not liable to the poll tax. The judgment, however, did ascertain who of these litigants were and who were not liable to be assessed for such military tax, and any losses by the removal from the state, or subsequent insolvency, of those who obtained such temporary injunction and suspended the judgment by appeal, are within these covenants, just as much as if, in the nature of the thing, the exact amount due by each could have been ascertained and adjudicated.

It was adjudged that these men should pay their assessment, but the amount thereof was not ascertained nor adjudged, but this can be done in this suit, and when so ascertained, the appellees can only discharge their covenants by paying this ascertained amounts by those who were so adjudged to pay.

Wherefore, the judgment is reversed, with directions to ascertain the amount of such assessments on each tax payer which have been lost by their removal or insolvency since this litigation began and before its final termination, and adjudge these against appellees.

*Landram, Scott,* for appellants.

*Marshall,* for appellees.