*263 Opinion op the Court, by
Judge Owsley.
Mrs. Nall, the widow of Martin Nall, deceased, in her lifetime exhibited her bill in equity against the present defendants, for the purpose of recovering dower in the lands of which she alleged her deceased husband was seized during her coverture, and which had come to the possession of part of the defendants. The bill was pending many years, and before it was finally disposed js>f in the court of original jurisdiction, Mrs. Nall, the complainant, departed this life.
After her death, the present plaintiffs, who aro the children of Mrs. Nall,■exhibited this bill for the twofold purpose, 1st, to obtain an account and decree for the rents and profits of the land of which they allege their mother was dowable, and for the recovery which she brought suit, in her lifetime, but before her1 right was determined she departed this life; 2d, to recover their distributive shave of the personal estate of their deceased brother, Charles Nall, which they allege has come to the possession of part of the appellees, and of which they charge they are entitled to a proportion, as brothers andsisters of the half blood on the part of the. mother.
The bill alleges, that no administration has been granted on the estate of the plaintiffs’ deceased mother; but no suggestion is made as to any administration on the estate of their deceased bret-her.
*264 The court below pronounced a decree dismissing the
We have not deemed it necessary or proper, to go into the inquiry, whether or not Mrs. Nall, the mother of the plaintiffs, was entitled to dower in tlie lands to which she asserted claim, in the bill exhibited by her against the defendants. Such an inquiry might have been necessary, if the plaintiffs had shown themselves entitled to call the defendants to an account for the reilts an(j profits of the lands of which they are possessed, and of which the plaintiffs’ mother was dow'able; but this they have failed to show. We are aware, that cases are to be found, where courts of equity have decreed an account of the rents and profits-of land, of which a widow was dowable, though her right to dow-was not established in her lifetime; but in no case the decree been made in favor of the heir of the widow. The demand for rents and profits, is, in its nature, personal, and wherever it is recoverable, the recovery must be by the representative of the personal estate, and not by the heir. The heir may be entitled a distributive interest in the demand for rents, &c.; that is an interest in the residue after the dece dent’s debts are paid; and it is to. that representative, whose duty it is to collect the debts owing to the estate pay the demands against it, that the heir must have recourse for the distributive surplus.
Were it, therefore, conceded that the defendants arc liable for the rents and profits of the land, (but of which we give no opinion,) their liability must be to the personal representative of Mrs. Nall, and not to the plaintiffs. It is true, the bill alleges that no administration has been granted on the estate of Mrs. Nall, and, consequently, there is no personal representative by whom the demand can be asserted against the defendants. But notwithstanding administration may not as yet have be¡£ii granted, it may hereafter be granted, and any decision which might now be made between the present parties, would not conclude the personal representative, if such a representative should hereafter assert claim for the rents, &c.
It was correct, therefore, in the court below, to dismiss the plaintiffs’ bill, so far as it goes for an account of the rents, &c.
*265 ' 'And as respects the claim asserted distributive proportion of the personal estate .of. CbarieiNall, deceased, the same observations’ equally‘apply,, and sho# that his personal representative, and not’ his heirs, ate entitled to demand of the defendants the estate of Charles Nall, which has come to their-.possession.
The decree must, therefore, be affirmed with.costs.