*Pringle &c. vs. Dawson, and Dawson vs. Pringle &c.*

Case 32.          Cross writs of error to the Spencer circuit; W. L. KELLY, Judge.

*Parties in Chancery. Practice in this Court.*

April 29.          Chief Justice BIBB. delivered the opinion of the Court.

Personal representative is the proper party to set aside a conveyance for personalty.

Proper parties not being before the court, the merits not touched.

ON the 9th of October, 1824, John Simpson, aged about eighty-two, without wife or children, entered into writings with Bailey Dawson, by which Simpson transferred his property to Dawson, consisting of three slaves, a horse, four head of cattle, and four bonds. Dawson covenanted to support him decently and comfortably, during life, and to bury him decently; and to pay Rebecca Combs, Simpson's niece, two hundred dollars in Commonwealth's paper, if she was living at Simpson's death. Dawson maintained Simpson during life, and buried him decently. Simpson died in six or eight months after the date of the writings; and now this bill is brought by the heirs of Simpson, against Dawson, to set aside the writings as obtained by fraud, and for the insanity of Simpson, as the bill alleges.

The court set aside the writings; and made an interlocutor, from which both parties appealed by consent.

The bill is by the heirs. The administrator of Simpson, dec'd. is no party. Without going into the merits of the bill, the decree must be reversed, because the right belongs to the administrator, to contest the validity of the writings; at least the administrator is an indispensible party, according to the cases of Coons, &c. v. Nall's heirs, 4 Litt. 264; Bailey & ux. v. Duncan's representatives, 4 Mon. 258.

It is therefore, ordered and decreed, that the decree of the circuit court be reversed and annulled; and that the case be remanded to that court, to dismiss the bill with costs.

Dawson to have his costs in both appeals.

*Wickliffe* and *C. S. Bibb*, for Pringle; *Crittenden*, for Dawson.