Judge Hise
delivered llie opinion of the Court.
The defendants in this case, with others, as the wid-pw and heirs of John Wilson, joined in a conveyance, with special warranty, of an interest which they held in a large tract of land on the Ohio river, to Robert Brown, on the 16th of January, 1827, and on the same day the defendants, with Judith Wilson, the widow, executed and delivered, a bond in the penalty of one thousand dollars, conditioned, “that if three of the children and heirs of John Wilson, deceased, (who were infants when the conveyance whs executed) towit: Pr’escilla Wilson, Georctta Wilson, and Mary Master-son, should convey by a special deed, their interest in the land when they arrived at the age of twenty-one years, or as soon thereafter as they should be legally called on for that purpose, then the obligation to be void, else to remain in full force and virtue in law.”
These infants having arrived at twenty-one years of age, aqd two pf them not having conveyed their interest in the land, the plaintiffs, as the children and heirs of Robert Brown, deceased, the conveyancee in said deed, and the obligee in said bond, institute their action pf covenant in the Grant Circuit Court, against Wilson and Thomas, as surviving obligors in the bond — Judith Wilson, the widow, having died; and assign as breach pf the covenant, that said minors had not made special deeds conveying their interest in the said land, when they had attained to twenty-one years of age, or as soon thereafter as they had been legally called on for that purpose, averring that they had been legally called pn for that purpose, but faijjng to ayer the time whert. *101 the call was made, or whether it was made before or after the death of Robert Brown, deceased.
.Plea of def’ts.
Reply of plff & judgment ot Ihej Circuit Comt. .
For abreach ofa covenant to convey land which occurred in the lifetime of the obligee, tjie executor op admin-istratpfmilst sue —it after the deqth p,t‘ the oh-ligee, Ihe right is in the heir to .sue.
*101 The defendants, without taking advantage by demurrer of the fatal defects in the declaration, filed their plea, in which they aver that the defendants were only the securities of Judith Wilson, deceased, and that seven years had elapsed since the cause of action had accrued, before the suit was instituted, and they rely up? on the statute limiting actions against sureties to seven years.
■ To this plea the plaintiffs reply that the defendants were not sureties, but principals; and that seven years had not elapsed, as averred in the plea — and upon this ■single issue the parties go into trial, introduce their proof, and the case is given to a jury, who return a verdict for the defendants, whereupon a judgment is rendered against the plaintiffs for costs of suit.
The plaintiffs move for a new trial upon the usual grounds — this motion is overruled. Exceptions are taken to the opinion of the Court, the evidence certified, and the plaintiffs have- appealed to this Court.
The defendants introduced and examined two-wet-nesses, who, with others, had signed and were parties to, the deed from Wilson’s widow and heirs to Robt. Brow'p deceased, the father of the plaintiffs. Plaintiffs’ counsel objected to their introduction, insisting that they •were incompetent on the ground of interest, and the deed was produced and read as evidence to the Court, to show their attitude and prove their interest. The Court overruled the objection, and properly; as it is not perceived how their interest could be in any way affected by the result of this suit, whichever way it might be determined.
The declaration does not show that the plaintiffs had any cause of action at all, when their suit wras brought. It is not averred whén Robert Brown died; when the minors, who were to make deeds, arrived to the age of 21 years, or when they had been legally called on to make the deeds. It therefore does not appear but that *102 the breach of the covenant occurred, and that the cause of action accrued upon this obligation, (which was for the conveyance of land,) in the life time of Robert Brown the obligee, in which case, the plaintiffs, his heirs at law, could not maintain this action at all. But the right of action for damages upon a breach of such covenant occurring in the life time of the obligee, would after his death pass not to the heirs, but to' the personal representatives. The declaration is quite informal, at least, in not setting out the penal part of the obligation. The breaches are vaguely assigned, yet the defendants waiving all objections to the declaration, rely for defence upon the fact that the defendants are securities and protected by the seven years limitation. The plaintiffs take issue upon this plea, and the whole case is staked upon it.
The verdict not so unsupported hy the testimony as to authorize the court lo grant ¿a new trial.
Upon the evidence introduced, although not very satisfactory, the jury concluded that the defendants were securities of Judith Wilson, deceased, and not principals, and their finding was not so contrary to the evidence as to authorize the Court to set aside their verdict on that ground. One of the witnesses states positively as a fact within her own knowledge, that they were securities. Another states that he was so informed by Judith Wilson, the principal obligor, and whose name is first signed to the bond.
Assuming that the cause of action accrued upon the minors attaining the age of 21 years, and. that the defendants were only securities; as it is clearly pr’oveu that Mary Masterson was the youngest of the three persons named in the bond, and that she had arrived at the' age of 21 years on the 7th of February, 1843, and as the suit was not brought until the 29th April, 1850, it is clear that the plaintiffs’ cause of action, if even they ever had any, which may be well doubted, has been barred by lapse of time. But it may be said that the cause of action did not exist or had not accrued, until a demand had been made, or until the parties named in the bond had been legally called on for the deeds, and *103 that as it does not appear from any proof in the cause, when such call or demand was made, or whether any had ever been made at all by the plaintiffs or their ancestor, that therefore the defendant’s plea of limitation is not sustained, and the plaintiffs are not shown to be barred their remedy by lapse, of time; that if a legal call upon the parties, or a previous demand for the deeds was necessary to give the plaintiffs a right to maintain their action on the obligation, that then,-the time to make out the bar under the statute, should not commence running until after such call or demand should he made. That defendant’s plea, in substance, admits that the demand had been made, and as a consequence, that the right of action had accrued at some time, and as they aver for their defence, that this time was more than seven years next preceding the institution of this suit the burthen of proof was upon them to show it, failing in which, their defence of course foils.
Where the dec-laralion is defective, if tbeie be an issue oi fact found against the plaintiff, it does not follow that the Court should grant plaintiff u new trial.
B. Monroe for appellee.
This view of the subject if its correctness be admitted, yet it does not follow that the judgment of the lower Court should be disturbed because the defence indiscreetly made to a declaration so radically defective as the one in this case, may have prevailed on insufficient proof, it does not, we think, follow that the judgment should be reversed at the instance of the plaintiffs, who even if it were done, could not recover upon their declaration, which does not by its averments show that they ever had any cause of action at all.
The judgment of the Circuit Court is not erroneous, as appears from the whole record. Wherefore the judgment is affirmed.