CASE 79.—ACTION BY JOHN M. SMYTHE AND OTHERS AGAINST WASHINGTON MILLER AND OTHERS TO RECOVER DAMAGES ON AN INJUNCTION BOND FOR CUTTING AND REMOVING TIMBER.— May 1.

## Miller, &c. v. Smythe, &c.

Appeal from Lee Circuit Court.

B. F. DAY, Special Judge.

Judgment for palintiffs. Defendants appeal. Reversed.

1. Injunction—Death of Party Enjoined—Action on Bond—Asset of Personal Representative—Where, in an action for trespass to land, the defendant was wrongfully enjoined, and thereafter died, a recovery for damages on the injunction bond is an asset in the hands of the personal representative of the decedent, and an action on the bond should be brought by the personal representative and not by the heirs of the decedent.

2. Same—Damages—Proximate Result of Injury—Where a defendant was improperly enjoined from cutting and disposing of the timber on his land by one wrongfully claiming the land and timber, the injunction deprived the owner of the right to protect his timber and land, and the loss of his timber and other trespasses may be properly attributable to the

Miller, &c., v. Smythe, &e.

injunction, and in an action on the bond the plaintiff. is entitled to recover such damages as are the necessary and proximate result of the deprivation of his property.

BECKNER & JOUETT and H. L. WHEELER for appellant.

## POINTS AND AUTHORITIES.

1. Damages for trespass in cutting timber pass to the personal representative, and cannot be recovered by the heirs.

2. The obligors on an injunction bond to prevent trespass are not liable for damages, growing out of the cutting and removal of timber, which was cut and removed after the injunction was issued.

3. Neither the plaintiffs in the injunction suit, nor the obligors on the injunction bond issued therein, are liable for the damages growing out of the cutting and removal of timber by the vendee of trees on land owned by the plaintiffs in the injunction suit, and which the ·defendant therein had been enjoined from cutting.

4. If parties suing for trespass to land rely on record title for ownership, they must fail, unless they can trace it to the Commonwealth, or to a common source.

5. Actual, continuous and adverse possession to a clearly marked and well defined boundary for a period of more than thirty years gives absolute ownership.

6. It was error to refuse proof of a chain of title running back to the Commonwealth through a tax sale.

7. The disclaimer of ownership by the ancestor should have estopped the heirs claiming under him.

8 .The proof in the case shows that the verdict was rendered under the influence of passion or prejudice.

## AUTHORITIES CITED.

Sook v. Knowles, 1 Bibb, 283; Ashcraft v. Cox, 25 Ky. Law Rep., 548 and 1303; Blackwell v. Townsend, 91 Ky., 609; Ky. Land & Immigration Co. v. Crabtree, 24 Ky. Law Rep., 743; Chenault v. Quisenberry, 24 Ky. Law Rep., 79.

GOURLEY & ROBERTS for appellees.

## POINTS AND AUTHORITIES CITED.

1. Appellees, and not personal representative of William Smyth,

proper parties to maintain the action. (Encycl. Pl. & Pr., vol. 7, page 29; Howard v. Singleton, 94 Ky., 338; Reynolds Exr. v. Boyd, 92 Ky., 249; Labrat v. Sieler, 20 Ky. Law Rep., 57; Coler v. Lord, 52 N. Y. Supp., 568; Encycl., Pl. & Pr., vol. 10, page 53.)

2. The damage to appellees herein was sustained by reason of the injunction. (Burton v. Fisk, 30 N. Y., 166, 6 L. Ed., 722.)

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Reversing.

In June, 1895, M. C. Goff and others instituted a suit in equity in the Lee circuit court against William T. Smythe, David Smythe, and Mitchell Smythe, in which they sought to recover from the defendants the possession of a tract of land, and in this action the plaintiffs, with Washington Miller and J. D. Simpson as their surety, executed an injunction bond, "enjoining and restraining the said Smythes, or either of them, from cutting or removing any timber, trees, logs, or lumber from said land, or from selling same, or doing any other act to deprive said Miller, Goff, or Prewitt, or either of them, of any timber, trees, logs, or lumber on said land, or to interfere with said Miller's, Goff's, and Prewitt's use and enjoyment of same." This injunction continued in force from the date of its issual in 1895 until January, 1902, when the action in which it was obtained was dismissed and the injunction dissolved. Pending this action, William Smythe, one of the defendants therein, died, and in November, 1902, James D. Smythe and Jesse Smythe, named as defendants in the injunction, and the other children and heirs at law of William Smythe, brought this suit on the injunction bond, alleging that by reason of the injunction they were prevented and restrained from using and controlling the lands claimed and owned by them, and from taking and

selling timber therefrom, and compelled to stand by
and see their timber cut, carried away, and destroyed,
and their property rights injured by the plaintiffs in
the injunction suit, their agents and employes, who,
after obtaining the injunction, entered upon the land
and cut and carried away and converted to their
own use timber of the value of $6,000, which was
owned by the plaintiffs, and they sought to recover
the sum of $6,000 and the further sum of $125, attor-
ney's fees and costs incurred in defending the
injunction suit. The defendants, appellants here,
filed special and general demurrers to the petition,
which were overruled, and in an answer traversed
the petition, and also averred that they were, when
the injunction issued, the owners of and in possession
of the land upon which the injunction operated, and
from which the timber was taken, and had been in the
actual, continuous and adverse possession of the land
for more than 15 years before the injunction was
obtained. To this pleading a reply was filed, com-
pleting the issues, and upon a trial of the case before
a jury a verdict was rendered against appellants for
$3,000, and $25 costs expended in the injunction suit.
From a judgment on the verdict, this appeal is taken.

The first question raised by appellants is that this
action to recover damages on the injunction bond can
only be prosecuted by the personal representative of
William Smythe, who was the father of these appel-
lees, and according to their testimony the owner of
the land in controversy, and that his heirs, the appel-
lees, cannot maintain this suit. We are of the
opinion that the liability, if any, on the injunction
bond to William Smythe, was a personal asset that
on his death survived to his personal representative,

and that the action to recover damages on the bond for all timber cut or carried away up to the time of the death of William Smythe should have been brought by his personal representative, and not by the heirs. In Newman on Pleading and Practice it is said that "the personal representatives have the right of action in relation to the personal property of the decedent, while the heirs only properly represent him in relation to his real estate. Although an action may be brought by the real party in interest, yet it cannot be maintained now, any more than formerly, unless the plaintiff has directly a legal or equitable interest or title in the subject of the action. An action cannot be maintained ordinarily by the heir to recover a debt due by the account of the ancestor, nor upon an ordinary bond or judgment for money payable to the deceased, without any stipulation that it should be paid to his heirs." McChord v. Fisher's Heirs, 13 B. Mon., 194; Coons v. Nall's Heirs, 4 Litt., 263; Brunk v. Means, 11 B. Mon., 214. No reason is asisgned why this action was not prosecuted in the name of the personal representative of William Smythe, nor why he was not made a party, either plaintiff or defendant, to the action. The recovery in a case of this kind being assets in the hands of the personal representative, the action should have been prosecuted in his name, or he should have been a party plaintiff. If he refused to bring or join in the suit, he should have been made a defendant. Cov. Code Prac., section 24; Brown's Heirs v. Wilson, 12 B. Mon., 100. The special demurer should therefore have been sustained.

Appellant's next contention is that they, as sureties in this injunction bond, are not liable for any damages

resulting from cutting and carrying away timber
from the land and otherwise trespassing upon the
premises.    They insist that by the terms of the
injunction bond they only undertook to be responsible
for the damages which the defendants in that suit
might sustain by reason of the injunction, if it was
finally decided that the injunction ought not to have
been granted, and that the damages claimed in this
action was not sustained by reason of the injunction.
The order of injunction was a comprehensive writ,
not only restraining the defendants in the injunction
from cutting or removing any timber from the land,
but from doing any other act that might deprive the
plaintiffs of the right to cut or remove any logs or
timber.   The purpose and effect of the injunction, as
disclosed by what occurred after its issual, was to
prevent on the one hand the defendants from cutting
and removing timber, and on the other hand to permit
the parties who obtained the injunction to cut and
remove timber from the land; and it seems clear that
while this injunction was in force the plaintiffs in
the injunction suit, or persons by their direction or
authority, or acting for them, did cut and remove
timber from the land.   To that extent the injunction
injured the defendants, and the damages they sus-
tained were fully covered by the sitpulation of the
injunction bond that the obligors therein would pay
to them all damages which they might sustain by
reason of the injunction, if it ought not to have been
granted.   If any timber was cut or taken from the
land by the plaintiffs, or their vendees or agents, in
the injunction suit, it was taken under the authority
granted by the writ of injunction, which prevented the
defendants from in any way interfering with plain-

tiffs in cutting and removing the timber. In Barton v. Fisk, 30 N. Y., 166, a case very much like this, the plaintiff claimed to be the owner of personal property lying on defendants' land, and sued, procuring an injunction forbidding the defendant, who claimed the property, from asserting any right to it. On a trial of the case it was adjudged that the property belonged to the defendant, and not to plaintiff; but, pending the suit, the plaintiff carried off the property and converted it to his own use. In an action on the injunction bond the obligors made the same argument that is made by appellants in this case. In answer to it the court said: "If the property had been carried away and converted by others, while the owners were prohibited from doing anything to protect it, the person who restrained them ought to make compensation. But, if he means to carry it off and convert it during the restraint which he had procured to be imposed, the efficient cause of the loss was inability of defendants, caused by the injunction, to take care of and preserve that which was theirs." Proceeding, the court said: "It matters not whether the injunction conferred upon the plaintiff the right to appropriate the property to his use. Assume that it did not. It necessarily impliedly authorized him to take possession of it, or countenanced him in doing so, inasmuch as it forbade all others to interfere with him in acquiring such possession. In this respect it is somewhat analogous to the bond in an action for replevin, and impliedly imposed upon the defendant the obligation to return the property in the event of an unfavorable determination of the suit. Having taken possession, it is lost to the defendants through his wrongful negligence. This is

the very result against which the injunction was designed to protect the parties.'' The injunction deprived the owner of the right to protect the timber and land, and preserve it from destruction or invasion by others, and the loss of timber and other trespasses may be properly attributed to the injunction. In cases like this, courts will not be governed by arbitrary rules, but proceed upon equitable principles; the defendant in the injunction bond being entitled to such damages on the bond as are the necessary and proximate result of the deprivation of his property. Alexander v. Colcord, 85 Ill., 323; High on Instruction, section 1673. And the action of the court in overruling the demurrer was proper.

Both parties claim to be the owners of the land from which the timber was taken by adverse possession, as well as paper title. The appellees concede that there is such a defect in their paper title as to render it unavailable, and there are also defective links in the chain of title offered by appellants. Recognizing these facts, the parties directed the principal part of their evidence toward an effort to establish that each had been in the adverse and continuous possession of the land for more than fifteen years previous to the institution of the injunction suit. The lines and corners in controversy are so confounded by ambiguous calls in deeds and the conflicting statements of witnesses that we have not been able to determine with any degree of certainty where the correct lines are located, and it seems probable that the lower court labored under the same difficulty, as in the instructions submitted the question of ownership was made to rest upon possession alone. But on another trial the real question in this case,

which is one of boundary, can be ascertained with more certainty, and much of the confusion that appears in this record cleared away, and in place of instructions 2 and 5 the court should determine from the evidence where the boundary of appellees' land, that is in dispute, is located, and define and describe it in an instruction, so that the jury will only be required to pass on the question whether or not appellants trespassed, or cut or injured timber, under the injunction, within the line of appellees' title, and, if so, the amount of damages sustained by reason thereof.

The judgment is reversed, for proceedings in conformity to this opinion.