### Burley Tobacco Growers' Co-Operative Association v. Pennebaker Home for Girls.

(Decided October 25, 1927.)

### Appeal from Mercer Circuit Court.

1. Injunction.—There can be no recovery on an injunction bond except for such loss as could have been reasonably anticipated by the plaintiff at the time he secured the injunction.

2. Injunction.—Theft of tobacco which plaintiffs had been enjoined from selling on injunction suit by defendants held not a natural and proximate result of wrong committed by the restraining order, entitling plaintiffs to recover on injunction bond.

3. Injunction.—Where injunction was sole relief sought in suit to prohibit sale of tobacco, attorney's fees held not recoverable in subsequent suit on injunction bond.

ROBERT H. HAYS, C. E. RANKIN and AARON SAPIRO for appellants.

E. H. GAITHER for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing on original appeal and affirming on cross-appeal.

This is an action on an injunction bond. It is alleged in the petition that appellees—

"were enjoined and restrained from selling or otherwise disposing of the crop of tobacco, except that the said Pennebaker Home was authorized under said order to sell not exceeding one-half of said crop."

The damages are alleged in this language:

"They say that at the time of the service of the said injunction they had stripped and ready for the market a large quantity of said tobacco, and that the same was graded, and that plaintiff Pennebaker Home for Girls had on the day of the service of said injunction arranged and contracted to place the same

upon the market, and that, except for said injunction, would have marketed the same on that day, but that, by reason of said injunction, it was prevented from removing or disposing of said tobacco, and that some days thereafter, and while the said injunction was in full force and the plaintiff was under restraint from removing and disposing of said tobacco, 2,000 pounds of the high grade of said tobacco was stolen and without the knowledge and consent of the plaintiffs was removed from said warehouse and wholly lost to the plaintiffs; that the said tobacco was of the value of $750, and that, by reason of said theft and removal of said tobacco, the plaintiffs suffer damage in the said sum of $750.''

In addition to damages claimed for the theft of the tobacco, appellees also sought a recovery of attorney fees expended in securing the discharge of the injunction.

The suit in which the injunction was obtained is made a part of the record in this case. The prayer of the petition in the injunction suit is as follows:

"First. That defendants, their agents, servants, and attorneys, be perpetually enjoined and restrained from delivering, selling, or otherwise disposing of any tobacco produced by or for the defendant, James Caswell, or under his control during the years 1925 and 1926, to any person whatsoever, other than plaintiff.

"Second. That this court issue a temporary restraining order and preliminary injunction pendente lite restraining said defendants as aforesaid.''

An amended petition was thereafter filed in the injunction suit, making the Pennebaker Home for Girls a party, and asking that the same injunctive relief be awarded against it as prayed for in the original petition. A new bond was executed running in favor of the Pennebaker Home for Girls. The injunction was executed on the Pennebaker Home for Girls on January 7, 1926, and on the 15th day of January a motion was made before the circuit judge to dissolve the injunction, and the judge sustained the motion. Properly speaking, it was not an injunction which was issued but a temporary restraining order. A motion was made in this court asking for a reinstatement of the injunction, which motion was overruled by Judge Clark on February 17, 1926. The final judgment

in the circuit court in the injunction suit was that plaintiffs therein had manifested no right to the relief sought, and their petition was dismissed.

An amended petition was filed in this action on the injunction bond, making the original petition more specific, but in no way changing the cause of action. A jury returned a verdict in favor of appellees for $550. This did not include a recovery for attorney fees, as the court had stricken that item from the petition.

A motion for a new trial was entered, and the grounds upon which it was based were (1) error of the court in the formation of a jury; (2) error of court in refusing to instruct the jury to return a verdict for appellant; (3) errors of court in instructions; (4) errors of court in ruling on the admission of evidence; (5) that the amount awarded by the jury is excessive.

The evidence establishes that, after the issual of the temporary restraining order and before its dissolution, a quantity of the tobacco was stolen, and as to whether the bond covers a loss or damage of this kind is the controlling question in this case. If a recovery was justified at all, the amount thereof is not excessive. Col. Gaither, who testified for the appellees, stated that the injunction was issued on the 7th of January, and that the hearing on the motion to dissolve, as he recalled at the time, was on the 12th of January. The tobacco was stolen between those two dates, and, in his judgment, the theft took place on the 2d or 3d day after the injunction was issued.

The general rule is that there can be no recovery on an injunction bond except for such loss as could be reasonably anticipated by the plaintiff at the time he secured the injunction. Counsel for appellees cite authorities which, in their judgment, support their contention that the theft of this tobacco was such a loss as flowed naturally from the execution of the injunction bond, and that it is not so remote or speculative as to prevent a recovery therefor on the bond. Appellees rely on the case of Hanley v. Wallace, 42 Ky. (3 B. Mon.) 184. The opinion in that case is one of great length, and we find no pronouncement of law therein which may be relied on by appellees as sustaining their contention. Appellees also rely on the case of Miller v. Smythe, 122 Ky. 699, 92 S. W. 964, 29 Ky. Law Rep. 242. In that case there was a controversy over certain timbered land; the plaintiff and the defendant both claiming to own it. The injunction

not only restrained the defendants in that case from cutting or removing any timber, trees, logs, or lumber from the land or from selling or otherwise disposing of same, but it went further and enjoined the defendants from doing any act to deprive the plaintiffs of any timber, trees, logs, or lumber on the land, or to interfere with plaintiffs in the use and enjoyment of the land. After an injunction was granted, the plaintiffs, being secure in their possession and enjoyment of the property, entered thereon and cut and removed the timber. Thereafter the suit was dismissed and the injunction dissolved, and suit was instituted by the defendants in the original suit against the plaintiffs to recover damages for the cutting and removal of the timber. This court held that they might recover, and placed its decision on this ground:

"The injunction deprived the owner of the right to protect the timber and land, and preserve it from destruction or invasion by others, and the loss of timber and other trespasses may be properly attributed to the injunction. In cases like this, courts will not be governed by arbitrary rules, but proceed upon equitable principles; the defendant in the injunction bond being entitled to such damages on the bond as are the necessary and proximate result of the deprivation of his property."

It will be seen at a glance that the court there had a different case from that which is now presented. In the instant case the injunction did not deprive the appellees of their right to protect and preserve the tobacco from theft or destruction. They were left in possession of it and in absolute control. If the injunction had taken the possession and control of the tobacco from the appellees, and it had been stolen while it was so out of the possession and control of appellees, the case would be in line with the above-cited case.

Appellees further rely on the case of Citizens' Trust & Guaranty Co. v. Ohio Valley Tie Co., 138 Ky. 421, 128 S. W. 317. An analysis of that case shows that it does not support the contention of appellees. It is true the court there held that, if the parties were delayed by the injunction in getting out the timber and by reason of such delay the timber became damaged from sap rot, worm holes, or other deterioration, recovery might be had for such damage in a suit on the injunction bond. It is within

ordinary human knowledge that timber exposed to the weather will deteriorate, and the longer it is left exposed the more it will deteriorate, and, as the injunction prevented the disposition of the timber, it was within the knowledge of those causing the injunction to issue that the timber would probably be damaged. That was a natural result of the delay, and the delay was caused by the injunction. There was no intervention of an independent agency in that case.

The able attorney representing appellees has been unable to direct us to any opinion of this court sustaining the contention of appellees. We might therefore have assumed that there were no such cases, but an independent investigation of the opinions of this court has brought to light no opinion which would sustain the judgment of the lower court. Appellees, realizing that they are without authority from this court to uphold them, seek to sustain their position by the argument that the appellant had actual notice that the theft of the tobacco was probable. We are unwilling to say that the evidence establishes such a prevalency of theft as would have made known to appellant that the probable consequences of its act in causing the injunction to issue would result in the loss of the tobacco by theft. We doubt whether any court has held that any actor setting in motion a train of events would be held to know or assume that the train of events would be diverted by the commission of a felony by some intervening third party.

Taking up the contention of appellant, we find that it submits no authority from this court sustaining its position that it is not responsible on the bond executed by it for the theft of the tobacco. Our attention, however, is called to the general rule as stated in 22 Cyc. 1062,

> "In an action for damages for the wrongful suing out of an injunction, plaintiff can recover only such damages as naturally and approximately result therefrom, and remote or speculative damages cannot be taken into consideration."

14 R. C. L., par. 184, p. 482, contains this statement of the law:

> "It may be stated as a general rule that compensation for losses sustained by a defendant, which are the actual, natural, and proximate result of the wrong committed by the restraining order, while the

latter is alive and operative, is the measure of damages to be assessed against bondsmen, and that any actual damage, suffered by reason of the wrongful suing out of the injunction, is a proper subject of inquiry; no consideration, however, will be given to claimed damages which are so uncertain as to be incapable of ascertainment.''

We do not believe that it can well be held that the stealing of the tobacco belonging to appellees was the natural or proximate result of the wrong committed by the restraining order.

The case of Gobbi v. Dileo, 58 Or. 14, 111 P. 49, 113 P. 57, 34 L. R. A. (N. S.) 951, fully sustains the contention of appellant. It may be that the reasoning of the court is faulty, as pointed out by counsel for appellees, but the conclusion is sound.

The motion for a peremptory instruction directing the jury to find for the appellant should have been sustained.

A cross-appeal has been prosecuted by appellees on the ground that the court struck from their petition their claim for attorney fees. It is admitted by counsel for appellees that, where the injunction is the sole relief sought, attorney fees are not recoverable in a suit on the bond, but it is argued that appellant in the original action sought more than an injunction. The prayer of the petition in that case has been quoted in this opinion, and an examination of it shows that the injunction was the only relief sought.

Upon a consideration of the whole case, we have reached the conclusion that the judgment must be reversed on the original appeal, and affirmed on the cross-appeal.

Judgment reversed on original appeal, and cause remanded for proceedings consistent with this opinion. Judgment affirmed on cross-appeal.