# Campbell et al. v. Chriswell's Adm'r et al.

Nov. 17, 1944.

B. J. Bethurum for appellants.

H. C. Kennedy, J. M. Kennedy and J. C. Davis for appellees.

584

Opinion of the Court by Chief Justice Cammack—Affirming.

The appellees are seeking to recover damages from the appellants on an injunction bond which they executed in an action instituted by them against the appellees, and in which the latter were temporarily enjoined from trespassing upon, or cutting or removing timber from property in dispute between the parties. While the bond was in effect the appellants sold the timber to other parties, who cut and removed it. Subsequently, the appellees were declared to be the owners of the property. More than five years after the execution of the injunction bond this proceeding was instituted. At the conclusion of all the evidence the trial judge directed a verdict in the amount of $1000 (the amount of the bond) in favor of the appellees. In urging reversal the appellants insist that (1) their plea of the five year limitation statute was good; (2) the action should have been instituted against those who actually cut and removed the timber; and (3) it was error to instruct the jury to find damages for the appellees in the amount of $1000.00.

The first contention seems to be based upon the idea the appellees are not seeking damages because of the execution of the bond, but because of the cutting of the timber, which was actually done by parties other than the appellants. It is also insisted the petition is based upon a tort, and therefore the five year limitation statute should apply. We do not so construe the pleading. The original petition sets up the bond, the fact that all the timber had been removed while the bond was in full force and effect, and then recites:

"The plaintiffs now allege that by the acts and conduct of the defendant in so selling the aforesaid trees, and permitting them to be cut and removed from said tract of land while the said restraining order or injunction was in full force and effect, they were damaged in the sum of $6750.00, no part of which has been paid to them. That the terms of the aforesaid bond have been breached by the defendants in the manner hereinbefore alleged and that the plaintiffs are now entitled to recover from the defendants the amount of said bond, to-wit the sum of $1000.00 together with 6% interest thereon from the 29th day of August, 1934, until paid." Clearly, the action was based upon the acts of the appellants in selling the timber and permitting it to be re-

moved while the bond was in effect. Subsection 4 of KRS 413.090 expressly provides that the 15 year limitation applies in an action on an injunction bond. While the specific question seems not to have been raised in the case of Miller v. Smythe, 122 Ky. 699, 92 S. W. 964, the action on an injunction bond similar to the one in question was instituted more than five years after its execution. In the Miller case it was pointed out that the effect of such an injunction is to prohibit the defendants from cutting and removing timber, and on the other hand to permit the parties who obtained the injunction to control it. Obviously, in the action before us the timber was removed by the vendees of the appellants under the authority granted by the injunction because the appellees were restrained from entering upon the property for any purpose. It was the wrongful act of the appellants which deprived the appellees of their timber and they should not be permitted to shift all of the burden to their vendees.

The evidence shows clearly that timber far in excess of the value of $1000 was removed from the property while the injunction was in effect. Furthermore, the appellants' answer denied liability for the removing of the timber in any sum in excess of $1,000. It is obvious, therefore, that the trial judge correctly instructed the jury to find damages for the appellees in the full amount of the bond.

Judgment affirmed.