CASE 11————————JUNE 12.

## Trapnall vs. McAfee, (two cases.)

### APPEALS FROM MERCER CIRCUIT COURT.

In an action for the recovery of debt, an attachment was sued out under *secs.* 222, &c., of the Civil Code. There was no defense to the action on the merits, but judgment was rendered by default and afterwards paid. The grounds, however, upon which the attachment issued were denied and successfully contested and · the attachment discharged. The only damage to which the defendant was subjected by reason of the issual and levy of the attachment upon his land was the employment of counsel to defend it. *Held*, (in a suit by the defendant in the attachment against the surety in the bond,) that the surety is responsible for the costs and reasonable compensation to counsel incurred in defense of the attachment as *damages* sustained by the defendant therein.

In such case, the principle is, that the only damage which can be recovered, is such as results from the operation of the order of attachment itself, and not that which is occasioned by the action independent of the order.

James Harlan, for appellant, cited *act of* 1837, (3 *Stat. Law,* 12 ;) *act of* ·1838. (3 *Stat. Law,* 117 ;) 8 *B. Mon.*, 51 ; *Civil Code, sections* 222, 223, 224; *Taylor vs. McCracken, MS. opin.*, 1854 ; 14 *B. Mon.*, 497 ; 1 *Littell,* 93.

W. A. Hooe, and P. B. Thompson, for appellee, cited *Civil Code, section* 224 ; 6 *B. Mon.*, 583 ; 8 *B. Mon.*, 51 ; *Ib.*, 160 ; *Taylor vs. McCracken, MS. opin.*, 1854 ; *Yantis, &c. vs. Burdett,* 2 *Dana.*

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

These records present but one and the same question, and will be disposed of together.

Breed & Co., and Crutcher & Miller brought suits for debt against McAfee, and sued out attachments under the provisions of the Civil Code, (*secs.* 222, &c.) At the first term of the court after the commencement of the actions, on motion of McAfee, the attachments in both cases were discharged, and a judgment rendered in his favor against the plaintiffs for costs. There was no defense to the actions on the merits, but judgments were rendered in each case by default, and afterwards satisfied by payment.

Afterwards McAfee brought these actions against Trapnall, who was surety in the attachment bonds, for damages sustained by reason of the wrongful suing out of the attachments, and the law and facts having been submitted to the court, a judgment was rendered against Trapnall in each case for fifty dollars and costs, to reverse which these appeals are prosecuted.

It appears from the bill of exceptions that the attachments were levied upon the land of McAfee and nothing else, and that he was not deprived of its use or occupation, and also that the only expense or damage to which he was subjected, by reason of the issual and levy of the attachments, was the employment of counsel to defend the same, to whom, as the proof shows, he paid fifty dollars in each case, which amount was shown to be a reasonable compensation.

It is now contended that the stipulations of the attachment bonds do not provide for the payment of costs or fees paid in defense of the attachments, but only provide for the payment of damages occasioned to the defendant by the deprivation of the use of his property that may be levied on, or such actual injury as he may sustain in consequence of its removal and otherwise; and that, in the absence of any proof showing that the appellee had sustained any actual injury of that description, his petitions should have been dismissed.

The bonds are in the following words :

"We undertake that the plaintiffs (naming them,) shall pay to the defendants (naming them,) the damages, not exceeding six hundred dollars, which they may sustain by reason of the attachment in this action if the order therefor is wrongfully obtained. *April 2d*, 1858.                    BEN. C. TRAPNALL."

In the case of *Pettit vs. Owen* (8 *B. Mon.*, 51) which was a suit brought upon a bond executed under the act of 1838, (3 *Stat. Law*, 116,) to recover damages for the wrongful suing out of an attachment, it was held that the plaintiff under the stipulations of the bond, which provided for the payment of *all costs* and damages, was entitled to recover for reasonable fees paid to counsel in the defense of the action, and for any actual

damage done to his property, but not for consequential damages.

Here, however, the bond does not provide for costs, and the question is, can the surety be held responsible for the costs and counsel fees incurred in defense of the attachments as damages sustained by the defendants therein?

In *Taylor vs. McCracken*, (*MS. opin.*, *June* 1854,) where the original suit was brought to foreclose a mortgage, and the plaintiff had procured an attachment and injunction to prevent the removal of the mortgaged property, and had executed a bond similar to those now before us—that is, in respect to damages—it was held that the surety was not liable for the costs and expenses of the suit. The reason assigned for exonerating him was not, however, that the bond did not, in terms, provide for the payment of costs, but because—the defense in the case having turned upon the validity of the mortgage, which was successfully assailed, and not upon the question of the wrongful suing out of the attachment—the defendants incurred no more expense in defending the suit than they would have been compelled to incur had no injunction or attachment been procured, and therefore the obtention of the orders of injunction and attachment had not subjected them to damages. Thus clearly intimating that if the defense had turned alone upon the propriety of issuing the orders of attachment, and the expenses of the suit had been caused by the wrongful obtention thereof, the surety would have been held responsible.

And so, also, in the case of *Burgen vs. Sharer*, (14 *B. Mon.*, 500,) which was a suit upon a bond substantially similar to the present one, and conditioned for the payment of damages which the defendant "might sustain by reason of the injunction in the action if it was finally decided that said injunction ought not to have been granted,"

The question was whether the surety in the bond was liable for the costs and expenses incurred in defending the action. The court held that he was not liable, and why? Because "the costs and expenses were not occasioned by the injunction—they resulted from the litigation between the parties." It is demonstrated in that case that the costs and expenses were

not occasioned by the injunction, and, upon that ground, it was said that they are not embraced by the terms of the bond. The principle is stated, that the only damage for which a plaintiff can recover is such as results from the operation of the order of attachment or injunction itself, and not that which is occasioned by the action independent of the order.

The application of this principle to the present case leaves no room to doubt the liability of the surety for the expenses and costs incurred in defending the attachment.

There was no contest about the debts sued for. They were admitted, as appears from the record, and were afterwards satisfied. The only question in the case grew out of the orders of attachment. The grounds upon which they were founded were denied and successfully contested. This the appellee had the right to do. And the expense incurred in the exercise of this right, and defending himself from the orders of attachment, resulted practically from the wrongful obtention of the same, and may therefore be properly—indeed necessarily—termed damages occasioned thereby and within the stipulations of the bond.

We are therefore of opinion that the circuit judge properly held the appellant liable in each case, and the judgments are *affirmed*.