CHIEF JUSTICE WILLIAMS
delivered the opinion op the court:
The branch of said bank, at Mt. Sterling, having been robbed of some sixty thousand dollars by a band of “ Con *284 federate” soldiers, under the command of Gen. John PI. Morgan, and the appellee being an officer in command of a portion of the forces which captured Mt. Sterling, though, being unwell,.was not in actual command, but with said expedition when some portion of it committed this robbery, the bank sued him therefor, under the Kentucky statute approved February 22, .1864, obtained an attachment, on the allegation that he was a resident of Montgomery county, but had left his residence and joined the Confederate military forces, and had it levied upon his land, then under attachment by others.
Pie denied his responsibility for the robbery, but did not deny the specific causes of attachment, and directed all his defense, evidence, &c., to defeat the cause of action.
After the decision of this court in Witherspoon vs. Farmers’ Bank (2 Duvall, 496), the bank dismissed the suit against Johnson without trial. Johnson then brought this suit upon the attachment bond to recover his expenditures in getting counsel, evidence, and for his time and trouble, &c., upon which issues and trial were had, and the jury found for defendant, under a peremptory instruction of the court; judgment being rendered thereon, he has appealed.
The stipulations of the bond are, “We undertake that the plaintiff, Farmers’ Bank of Kentucky, shall pay to ’the defendant, Thomas Johnson, the damages, not exceeding one hundred and twenty thousand dollars, which he may sustain by reason of the attachment in this action, if the order therefor is wrongfully obtained.'”
The cause of attachment, as set but by the bank, was his absence from the county of his residence, and entering the military service of the Confederate States, and being a soldier' therein, which being a cáuse of attach *285 ment as provided by law, and not being traversed, and being proved, must, in this action, be regarded as true.
All the costs, expense, and trouble of appellant in the first suit were in defending the cause of action set out against him, and not a cent was expended in defending the causes of attachment; for these were not controverted. This, then, presents the question as to how far the plaintiff -in that action was liable in said bond.
It will be observed that the covenant is to pay the damages by reason of the attachment, if the order therefor is wrongfully obtained. There is no covenant to pay all costs and damages, as there was in the case of Pettit, &c., vs. Mercer (8 B. Mon., 51), brought under the statute of 1838 (3 St. Laws, 116); and, because of that covenant, the plaintiff was held responsible for the payment of all the costs of the action, and not alone for the costs of the attachment.
The bond now under consideration was executed as provided for in section 224, Civil Code, that plaintiff must execute a bond stipulating “ that the plaintiff shall pay to the defendant all damages which he may sustain by reason of the attachment, if the order is wrongfully obtained.”
In Taylor vs. McCracken (MSS. Opin., Summer Term, 1854), this court decided, in a suit to foreclose a mortgage and an injunction and attachment thereon out of .chancery, in which the contest turned upon the validity of the mortgage, because of fraud, and' which defense \Vas sustained, and by reason thereof the injunction and attachment were discharged, that the defendant would have been at the same expense, trouble, &c., in defending the mortgage, and therefore he was not entitled to recover as damages therefor on the injunction and attachment bond.
And in Burgen vs. Sharer (14 B. Mon., 498), in which Chenault had obtained an injunction against Burgen, for *286 bidding him to open a road, alleging that the order of court under which he was proceeding was illegal, and entered into bond, with Sharer as security, stipulating to “pay to defendant the damages, not exceeding five hundred dollars, which he may sustain by reason of the injunction in this action, if it is finally decided that said injunction ought not to have been granted,” this court held that “the injunction prevented him from opening and using the road, and the deprivation of its use was the only injury that he sustained in consequence of its having been improperly obtained.”
The court proceeded to say that the plaintiff in that action might have prayed for a perpetual injunction on the final hearing, without having sued out an injunction to operate during the litigation, in which case the labor, costs, and expenses of the defense would have been the same ; and that this proves that the costs and expenses of the suit are not occasioned by the injunction, and, consequently, are not embraced by the terms of the bond.
In Trapnall vs. McAfee (3 Met., 34), in a case of suit upon debt; and attachment thereon, judgment by default for the debt, but the cause of attachment contested, and judgment thereon for defendant, in suit on the attachment bond, this court held that the expenses grew out of defending the attachment, -and not out of defending the cause of action, as no defense to it was put in, and were therefore recoverable as damages on the stipulation of the bond to pay defendant such damages as he may sustain.
The same principle runs through all these cases, and is very clear and intelligible; that is, if the whole costs turn upon the defense to the cause of action, then these are not recoverable upon the attachment bond; but if incurred in defending the causes of attachment alone, *287 then they are recoverable; but if, as is often the case, they are incurred partly in defending the cause of action and partly in defending the cause of attachment, then they are recoverable so far as applicable to the attachment and expended in its defense. In this case, the whole expense was incurred in defending the cause of action; and although, by defeating it, the attachment would also be defeated, yet the expense would have been precisely the same had there been no attachment; and, as said in Burgen vs. Sharer, this proves that no part of the expense or trouble was incurred because of the attachment.
But appellant’s counsel seems to think this a great 'absurdity, because then any one, without reasonable cause of action, could bring a suit against any non-resident or absent defendant; and though his cause of action and attachment' should be defeated, the defendant would have no remedy. This argument is wholly based upon the ignoring the legal remedy by action for a malicious suit and attachment; but in that kind of action the damages are recoverable upon the want of probable cause, which, not being made out, the damages are commensurate with the injury, and this shows the wisdom of the rule recognized in the recited cases.
Previous to the adoption of the Revised Statutes and Civil Code, the plaintiff’s petition need not be sworn to, nor was any statement under oath required that the debt was just, due, &c., to obtain an attachment; but, since the adoption of the Code, all pleading, by sections 142 and 143, are required to be verified, save in a few specified instances to which this case does not belong, and the party is required to state that his claim is just and he believes he will recover thereon; still, this is not a cause of attachment, though a requisite to obtain one; the justice *288 of this claim had to be verified whether an attachment was or not obtained. There is nothing, therefore, in this requirement authorizing the adoption of a new rule as to costs in attachment suits or a departure from the old and settled one. The existence of the debt upon which the attachment was founded was just as essential to its maintenance before the adoption of the Code as since, though it need not then be verified by the plaintiff’s affidavit ; yet, when the co,st was incurred in defending the cause of action, and not the cause of attachment, it was not allowed against the security in the attachment bond. As the plaintiff, before he obtains an attachment, must execute the necessary covenant with good security, the vexation and harassment by insolvent suitors, so vehemently apprehended, is more imaginary than real, and quite as applicable to their entire right of action as to their right of attachment; yet no law requires them to give bond and security in order to maintain their action.
The land of the defendant had been previously attached by others, for claims of from thirty thousand to forty thousand dollai’s, and the evidence does not show that the bank in any manner ousted the appellant from possession by its levy, and, therefore, fails to show any cause of action by reason thereof.
There being no defense to the cause of attachment, and as nothing was recoverable on the attachment bond, because of the defense to the cause of action, and the only recovery of the plaintiff on defeating his cause of action would be legal costs, unless in an action for ma- , licious suit and attachment want of probable cause should be made out, the peremptory instruction to find as in case of non-suit was right, and the judgment is, therefore, affirmed.