CASE 55.—ACTION BY THE OHIO VALLEY TIE COMPANY
AGAINST THE CITIZENS' TRUST & GUARANTY
COMPANY.—May 25, 1910.

# Citizens' Trust & Guaranty Co. v. Ohio Valley Tie Co.

Appeal from Perry Circuit Court.

L. D. LEWIS, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Injunction—Action on Injunction Bond—Res Judicata.—A surety on an injunction bond may not on the dissolution of the injunction relitigate the question involved in the injunction suit, but the judgment in that suit determines the rights of the parties, and is conclusive in an action on the bond.

2. Injunction—Bonds—Liability of Surety.—A surety on a bond issued on obtaining an injunction restraining a person from cutting and removing the timber on a tract of land is not liable on the dissolution of the injunction for costs incurred by such person in reconstructing a tramway built to get the timber out, which was washed out by a freshet pending the injunction proceedings.

3. Trial—Instructions—Sufficiency.—An instruction which submits to the jury both the law and the facts without giving them a criterion by which they are to be guided in the determination of the case is sufficient.

4. Injunction—Bonds—Liability.—Where a person was delayed by an injunction in getting out timber on his land, and by reason thereof the timber became damaged from sap rot, worm holes, etc., he could on the dissolution of the injunction recover from the surety the difference between the value of the timber in the damaged condition and what its value would have been in the condition it would have been if there had been no delay by reason of the injunction.

5. Injunction—Bonds—Liability—Attorney's Fees.—A party suing on an injuction bond may recover a reasonable fee for at-

torney's services rendered in the proceedings for the dissolution of the injunction but nothing can be allowed for attorney's fees for services in defense of the action, and, where the injunction was the relief sought and in fact gave the relief if sustained, an attorney's fee cannot be recovered in an action on the injunction bond.

6. Injunction—Bonds—Liability—Question for Jury.—In an action on an injunction bond, the question whether attorney's fees may be recovered on the dissolution of the injunction is a question for the court, but the question of what is a reasonable fee is for the jury.

7. Injunction—Bonds—Liability—Duty to Reduce Damage.— A party suing on an injunction bond may not recover any damages which he might have avoided by ordinary care, and he must use ordinary care pending the injunction, and no expense will be allowed unless it was reasonable and incurred in consequence of the injunction in the exercise of ordinary care.

MILLER & WARD, P. T. WHEELER and F. J. EVERSOLE for appellant.

WOOTTON & MORGAN and G. W. FLEENOR for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On September 29, 1908, the Standard Lumber Company in an action in the Perry circuit court against the Ohio Valley Tie Company, etc., obtained an injunction restraining it from cutting and moving the timber from a certain boundary of land; and executed an injunction bond with the Citizens' Trust & Lumber Company as its surety. On November 24, 1908, the injunction was dissolved, the order of dissolution to take effect on December 14, 1908. An appeal was taken from the judgment to this court, where it was affirmed. This suit was brought by the Ohio Valley Tie Company against the Citizens' Trust & Guaranty Company on the injunction bond to recover the damages which it was claimed it had sustained

by reason of the injunction.    An answer was filed, denying the allegations of the petition, and, the case having been heard before a jury, there was a verdict in favor of the plaintiff for $1,000.  The court entered judgment on the verdict refusing the defendant a new trial, and it appeals.

1. It is insisted for the defendant that the plantiff showed no title to the land, and that, therefore, the jury should have been instructed to find for the defendant.   The question whether the Ohio Valley Tie Company should cut the timber was litigated and determined in the suit in which the injunction was obtained.   The judgment in that case necessarily determined that the Ohio Valley Tie Company was entitled to cut and remove the timber.   It is a determination that the injunction was improperly sustained, and the surety in the injunction bond cannot relitigate that question in this action.

2. While the injunction was in force,  a tramway which the Ohio Valley Tie Company had constructed to get the timber out was washed out by a freshet, and after the injunction was dissolved it had to spend $100 in putting this tramway in order.  The court allowed proof of these facts to be made in the action for damages on the bond.  The proof should have been excluded.  The freshet was the act of God. The washing out of the tramway would have occurred just as it did occur if there had been no injunction granted, and the plaintiff would have had to repair the tramway just as it did repair it if the injunction had not been granted.  All the proof relating to the washing out of the tramway and the expenses of repairing it should have been excluded.

3. The court at the conclusion of the evidence gave the jury only this instruction:  "The court instructs

the jury that if they believe from the evidence that the plaintiff has been damaged by reason of the temporary restraining order sued out and served on the plaintiff in the case of Standard Lumber Company, plaintiff, against S. C. Colwell, the Ohio Valley Tie Company, and others, defendants, in this court, in which the defendant was security on the bond given for said restraining order, you will find for the plaintiff such sum as you believe it has been damaged by reason of the said restraining order, not exceeding $1,210. Unless you so believe, you will find for defendant. You will not find for plaintiff any damage for the loss of service of the six mules belonging to plaintiff." The instruction is erroneous, in this: That it submits to the jury both the law and the facts of the case, and gives them no criterion by which they were to be guided in its determination. The plaintiff claimed that it had been compelled to pay out $82.50 for the hauling of the timber more than it would have had to pay out but for the injunction; that during the pendency of the injunction it had paid a man for looking after the mill, tramway, cross-ties, and timber in the woods by giving him a higher price for what he did on another job; that it had paid another man $128 for looking after its live stock while the injunction was in force; that it had paid attorney's fees $150; that it had paid $200 for the feed of its live stock while the injunction was in force; and that a part of the timber by reason of the injunction laid over through the summer and fall of the next year and was damaged thus $450. The court gave the jury no information as to the law governing any one of these items of damage, and left them to determine what things should be allowed for, without any information as to the legal principles that should govern the case.

If the plaintiffs were delayed by the injunction in getting out the timber, and by reason of such delay the timber became damaged from sap rot, worm holes, etc., the measure of damages to be recovered therefor is the difference, if any, between the value of the timber in such damaged condition and what its value would have been if in the condition in which it would have been delivered if there had been no delay by reason of the injunction. A party who is sued may employ as many attorneys as he likes, but, when he sues upon an injunction bond, he can only recover a reasonable attorney's fee for defending the injunction; that is, what would be a reasonable fee to an attorney for the work done in defense of the injunction. Nothing may be allowed for attorney's fees for services in defense of the action.    The allowance must be confined to the services rendered in defending the injunction, and only the fair value not exceeding the amount paid is to be allowed. If the injunction was the relief sought in the former action, and in fact gave the relief if sustained, an attorney's fee cannot be recovered in an action on the injunction bond. Tyler v. Hamilton, 108 Ky. 120, 55 S. W. 920, 21 Ky. Law Rep. 1516. Whether the attorney's fee may be recovered is a question of law for the court, and is to be determined ordinarily from the record of the former suit. What is a reasonable attorney's fee is a question for the jury.

In cases of this sort the plaintiff cannot recover any damages which he might have avoided by ordinary care. It was incumbent on the plaintiff to use ordinary care to give its men and teams employment and in so far as it might have lessened the loss by ordinary care, and failed to do so, no recovery may

be had.   No expense should be allowed unless it was reasonable and incurred in consequence of the injunction necessarily and in the exercise of ordinary care.   Expenses incurred in consequence of the suit and not by reason of the injunction may not be recovered.  On another trial the court in instructing the jury will follow the principles above laid down.

The plaintiff's petition does not correctly set out the number of days the injunction was in force, and, on the return of the case, the petition may be amended to conform to the proof.

Judgment reversed and cause remanded for a new trial.