## Bartram v. Ohio & Big Sandy R. R. Co., et al,

(Decided December 7, 1910.)

### Appeal from Lawrence Circuit Court.

Injunctions—Action on Bond—Damages Recoverable on Dissolution. It is universally held that damages on an injunction bond are recoverable on the dissolution of the injunction, and generally the damages are deemed to include counsel fees incurred in defending the injunction. It is equally well settled that all damages naturally resulting from a wrongful injunction, may be recovered; this means pecuniary loss suffered by defendant in the injunction, which resulted from the wrongful restraint If he incurred court costs, expenses of traveling, including railroad fare and hotel bills, in short, any expenditure of money necessarily had in order to procure a dissolution of the injunction may be recovered upon the bond. We apprehend the correct rule to be, to allow such sum as would be a reasonable compensation on the injunction proceedings within the total sum paid as counsel fees in the case, by defendant. All damage caused by the operation of the injunction are covered by the bond; so where it is alleged that by reason of the injunction the sale and delivery of property has been delayed or defeated, whereby the property has in the meantime depreciated in value or become lost, such loss, being regarded as occasioned by the injunction, may be properly included in estimating the damages incurred. The taxable costs incurred on the injunction are always recoverable as damages resulting from it when it is dissolved.

C. B. WHEELER and G. W. SKAGGS for appellant.

F. T. D. WALLACE and PROCTOR K. MALIN for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

January 15, 1891, the Ohio & Big Sandy R. R. Co. instituted a suit in the Lawrence circuit court against S. W. Wooten and others, claiming to own a certain tract of land and all the timber growing upon it, and certain timber on the land which had been recently cut down. The suit was to recover the timber from the defendants, who were asserting title to it. The action was probably in the nature of trespass. It involved the title to the land as well as to the timber described. An injunction was sued out against the defendants restraining them from removing the timber until the court could adjudge the case. Bond was executed to the defendants by the plaintiff. W. H. Bartram had previously bought some of the timber mentioned from some of the defendants who were sued. But Bartram was not included as a party to the action. He went ahead removing the timber, notwithstanding the order of injunction. He was ruled for contempt and punished for disobeying the injunction. He admitted having knowledge of the injunction, but as he was not sued, and as the writ did not run against him, and as he was not protected by the bond executed in the case, he deemed that he was not affected by the proceeding. The circuit court thought otherwise. Thereupon the plaintiff the O. & B. S. R. R. Co. made him a party defendant and had an order entered requiring him to obey the injunction previously granted. The court allowed the order upon the condition that the plaintiff executed to Bartram a bond indemnifying him against loss or damage because of the injunction if it should be finally adjudged that it should not have been granted. Bartram then stopped moving the logs. But they were laying in the woods and in the creeks, subject to rot, and loss by the floods in the streams. Later, on motion of the plaintiff the court's receiver was directed to take charge of the logs and sell them, which he did. Finally it was adjudged in the first named case that Bartram, and not the Ohio & Big Sandy R. R. Co., was the owner of the logs now in controversy, and the injunction was dissolved.

This suit was then brought by Bartram against the principal and surety on the bond to recover the damages sustained by him by reason of the injunction. Plaintiff laid his damage in an aggregate sum, and then specified the constituents, thus:

"1. $4,400 difference between the value of the timber when injunction was granted, and the amount subsequently realized from it by the receiver's sale.

"2. $500 attorneys fees in defending the injunction proceedings.

"3. $300 value of time expended by Bartram in defending the injunction.

"4. $100 non-taxable cost, such as traveling expenses, hotel bills, incurred, etc., in preparation of the case on the trial of the injunction.

"5. $500 taxable cost in the action relative to the injunction."

To Bartram's petition setting up the cause of action the circuit court sustained a demurrer.

The circuit court ruled the plaintiff to paragraph his petition so as to set out in separate paragraphs the several items of alleged damage. Plaintiff complied under protest. Demurrers were then sustained to each paragraph and to the pleading as a whole. Failing further amendment, the petition was dismissed. Hence this appeal.

There was but one cause of action asserted—the breach of the bond. The damages sued for were all recoverable in one action, if at all. Though the several items of damage alleged were distinct features of the plaintiff's claim of damages they all resulted from the same act. The Code (section 113, subsection 3, Civil Code Pr.) requires each cause of action to be stated in a separate paragraph. But that does not mean that each item constituting a cause of action must be stated in separate paragraphs. (Figg v. L. & N. R. R. Co., 111 Ky. 30; 23 Ky. Law Rep. 383.) However, the decision of the court on the demurrers to the several paragraphs may be taken as rulings on motions to strike out the matter contained in each as irrelevant—which would have been the correct practice had any allegation of particular damage been foreign to the legal criterion in the action. Hence we will so treat the practice in this case, and adjudge the sufficiency, and relevancy of the allegations stricken out.

The general demurrer to the petition as a whole must have been sustained upon the idea that a cause of action on the bond did not lie, on the ground that no injunction actually issued against Bartram, and that as the bond sued on was to indemnify him against loss only in event the injunction issued against him was wrong-

fully obtained and sued out, there was not a breach of the bond unless the injuction was sued out and executed upon the complainant.

The writ of injunction is abolished in this State. In lieu of it, the court, or officer of the court delegated by statute, issues, that is, enters an order in the case restraining the defendant from committing some act alleged and shown or threatened, detrimental to the plaintiff's rights, or commanding him to do an act which he is refusing to do, and which the plaintiff is entitled to have done. (Sec. 271, Civil Code Practice.) . Notice of the fact that the order has been granted is essential to bind the party against whom it is directed. If he be served with a copy of the order, of course he is notified. Wherefore section 281, Civil Code. If, however, he be given notice of the application for the injunction, it is not necessary to serve upon him a copy of the order when granted. In the language of section 282, Civil Code, "he is bound by the injunction as soon as the bond required of the adverse party is executed." We are not now concerned with the propriety of the circuit court's action in holding Bartram bound by the first injunction, before bond was executed to him. But when he was notified of the application by the then plaintiff railroad company to have the order of injunction extended so as to include him, he was bound by the order when entered so soon as the bond required by the court was executed. Such was the purpose of the Code, and the practice complies substantially with its requirements.

The effect of the injunction was to stop Bartram. from moving the timber which he had cut down and was in the act of transporting to market. If the timber had laid there in the woods and in the streams until the case was decided, same five years or more, it would have been completely lost. When the suit was decided, it was adjudged that the timber belonged to Bartram. He had from the beginning the right to move and sell it, but being prevented by the injunction, he would have lost the whole of its value but for the sale by the court. Or, if the timber had deteriorated in value, or in quantity so as to depreciate its value, the direct loss would have been the deterioration. As it was, his loss was the deterioration suffered between the time he was prevented from moving it, and its sale.

The plaintiff railroad company procured the timber to be sold pending the preparation of the case for trial.

It was so ordered not on any ground that justified the appointment of a receiver for the property in the first instance, but as an incident of equitable control of the thing in litigation, a perishable property, which, owing to the dispute between the litigants as to the ownership and right to sell and the suspension of the power of removal by the defendant was liable to depreciation or destruction before the case could be decided. The receiver was appointed because of the effect of the injunction. Whether the receivership was a necessary consequence, it was the natural outgrowth of that proceeding, and solely because of it. The proper costs of the receiver, in taking care of and selling the timber, it may be safely inferred were paid out of the proceeds of its sale. The net proceeds were turned into the court, and finally paid to him who was adjudged the owner of the logs. That cost was undoubtedly an incident of the injunction. For the owner, finally determined by the judgment, would be entitled to the entire value of his timber. The cost was not more certainly an incident and result of the injunction than the deterioration of the logs. It may be true that for the inattention, neglect, or conversion by the receiver, by reason of which a loss would have resulted, it might be deemed a new agency had intervened, breaking the causation between the injunction and the loss suffered, for which the injunction bond would not be liable. Without deciding that question, the fact here alleged is that the receiver sold the property at public auction. There is no suggestion that he was remiss in executing the order of sale. It is argued that the price realized by the receiver must be taken as the true value of the property. But not so. It may have been as of the time, place, and conditions under which it was sold. But if sold in the woods without splash dams to move it, and far from its best and natural market, not to mention possible deterioration from decay between the granting of the injunction and the sale, or unreasonable time when sold, those conditions would affect the selling price. The owner when deprived of the control of his logs was entitled to them in their then condition, while he was equipped with teams, hands, and other means for immediately moving them so as to fetch them presently to the market where he had contracted to deliver them at a profitable price. What the logs brought at the receiver's sale is only a test as to their then value under the conditions attending their sale. The net price

realized is relevant now only for the purpose of diminishing the extent of the owner's recovery, as otherwise he would have been entitled, in all probability, to have recovered their entire value as of the time when the injunction was ordered against him.

Whether the attorney's fees, non-taxable costs, and value of time expended by Bartram in defending the injunction proceedings, are recoverable on the bond, depends on whether the injunction was the sole relief sought in the original suit, or whether it was auxiliary to some other relief. The distinction is well founded in the practice in this State, that in actions of the first kind these items are not recoverable as damages on the bond, while in the second class they are. (New National Turnpike Co. v. Dunlaney, 86 Ky. 516; 6 S. W. 590; Tyler v. Hamilton, 108 Ky. 120; 55 S. W. 920; Fidelity & Deposit Co. of Md. v. Tinsley, 100 S. W. 272; Chicago R. R. Co. v. Sullivan, 80 S. W. 515; Bergin v. Shearer, 14 B. Mon. 399; Bennet v. Lambert, 100 Ky. 737.) The statement of the original case, as it is alleged in the petition in this case, brings it within the second class. For it is averred in substance that the original suit was to recover possession and to quiet title to the land, as well as to recover the fallen timber. The thing in controversy then was the title to the property, which might have been adjudged without respect to the granting of an injunction. The distinction just noted does not prevail in all jurisdictions. But it is universally held that damages on the injunction bond are recoverable on the dissolution of the injunction, and generally the damages are deemed to include counsel fees incurred in defending the injunction. Such is the rule, as we have seen, in this state. It is equally well settled that all damages naturally resulting from the wrongful injunction may be recovered. This means pecuniary loss suffered by the defendant in the injunction suit which resulted solely from the wrongful restraint. The same reasoning that justifies the recovery of counsel fees incurred in procuring a dissolution of the injunction, also justifies the recovery of all similar expenses incurred by the defendant in that behalf. If he incurred court costs, expenses of traveling, including railroad fare and hotel bills, in short any expenditure of money necessarily had in order to procure a dissolution of the injunction, it may be recovered upon the bond. The purpose of the bond is to indemnify the de-

fendant against loss or damage which the injunction may cause, if it should be finally determined that it ought not to have been issued. The defendant would not have been compelled to employ counsel to defend the injunction proceedings, or to incur the other expenses mentioned, if the order restraining him had not been entered. He would not be indemnified unless he was paid the sums so expended in that behalf. It is sometimes held that when it is not shown that a specific sum was expended in defending the injunction as separate from the defense of the action on the merits, the recovery of the counsel fees is not allowed. We apprehend the correct rule to be, to allow such sum as would be reasonable compensation on the injunction proceedings, within the total sum paid as counsel fees in the case by defendant. For it is certain that the fees of the counsel will be regulated by the labor and responsibility devolved upon him, being increased when there is an injunction and special effort made in the preparation of that branch of the case. (Sec. 237, Sedgwick on Damages.)

Whether the value of time expended or lost by defendant in defending the injunction will be computed in estimating his damage is a mooted question. One jurisdiction holds that it is a proper element of the recovery. (Helmkampf v. Wood, 85 Mo. App. 227; Krainka v. Oertel, 14 Mo. App. 474.) The contrary view has been announced in Cook v. Chapman, 41 N. J. Eq. 152, 2 Atl. 286, and Edwards v. Bodine, 11 Paige, 223. The general rule is that time expended in prosecuting or defending an action (except in defending actions maliciously instituted) is not the subject of a recovery. The public policy is not to place such a burden as a hazard upon an unsuccessful attempt to establish a claim by a suit in court. It is, therefore, allowed. We perceive no good reason for making an exception to the rule in litigations in which there may be issued an injunction or attachment, sued out in good faith. The taxable costs incurred on the injunction are always recoverable as damage resulting from it when it is dissolved.

So much for the expenses incurred by the defendant upon the injunction proceedings.

All damage caused by the operation of the injunction, are covered by the bond. So, where it is alleged that by reason of the injunction the sale and delivery of property has been delayed or defeated, whereby the

property has meantime depreciated in value, or become lost, such loss, being regarded as occasioned by the injunction, may be properly included in estimating the damages incurred. (Meysenberg v. Schleiper, 48 Mo. 426, Second Ed. 399; Fidelity & Deposit Co. of Md. v. Tinsley, 100 S. W. 272.) We conclude, the petition stated a cause of action upon the injunction bond, and each of the elements of damage pleaded are subjects of recovery upon the bond, except as to the time and services of this plaintiff expended in that behalf.

Wherefore, the judgment sustaining the demurrer to the petition is reversed, and cause remanded for procedings not inconsistent herewith.