## Elkhorn Coal Company v. Justice.

(Decided March 28, 1924.)

### Appeal from Letcher Circuit Court.

1. Tenancy in Common—Rule that Cotenant Cannot Convey Less than His Interest Held Inapplicable.—A tenant in common cannot convey less than his entire interest in the property to a stranger without his contenant's consent, but this rule did not apply to a sale by one tenant in common of timber on the part of the land occupied by her, with the full knowledge and consent of the other who did not join in the deed.

2. Tenancy in Common—Interest Acquired Under Deed of Timber by Tenant in Common.—Ordinarily a cotenant's deed is effective only as to his interest, but, where deed to tenants in common provided that land should be divided equally in acreage, and so laid off as to include the residence in the portion of a certain grantee, and parties took possession of certain parts without formal partition, and one of them conveyed the timber on the part in her posses-

sion with the consent of her cotenant, the latter was estopped to claim any interest.

3.  Vendor and Purchaser—Plaintiff Held Not Bona Fide Purchaser as Against Grantee of Timber—Purchaser of land held not a bona fide purchaser as against grantee of timber on a portion of the land, executed by one of two tenants in common, in view of deed to tenants in common providing for division of which the purchaser had constructive knowledge and its actual knowledge of the deed conveying the timber, which together put it on inquiry as to an informal partition.

FAULKNER, STANFILL & FAULKNER for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action by the Elkhorn Coal Company against J. F. Justice the plaintiff asked to be adjudged the owner of certain timber on two tracts of land in Letcher county, and sought an injunction against defendant restraining him from cutting and removing the timber. On final hearing plaintiff was denied the relief prayed for, and the defendant was adjudged to be the owner of the timber in question. Plaintiff appeals.

The facts are these: Sarah Potter was the owner of a tract of land in Letcher county. In the year 1913 she conveyed the land to her son, J. M. Potter, and her daughter, Rebecca Adington, retaining a life interest in the property. The deed contained the following provision:

> "It is the intention of the said Sarah Potter that the land hereby conveyed shall be divided between the grantees, J. M. Potter and Rebecca Adington, equally in acreage, and the said Rebecca Adington is to have her one-half laid off when divided so as to include the old residence."

Rebecca Adington and her husband, J. H. Adington, took possession of the old home place, and that part of the farm which the deed provided should be allotted to Rebecca Adington. Thereafter, J. M. Potter erected improvements of considerable value on the other portions. In the years 1915 and 1916 Sarah Potter and Rebecca Adington and her husband sold all the timber of certain dimensions on certain described portions of the land to J. F. Justice. J. H. Adington says that prior to that time he, with the knowledge and consent of J. M. Potter, had

cut and sold timber from that portion of the land occupied by his wife, and J. F. Justice says that this was known to him at the time of his purchase. Mrs. Adington first deposed that her brother, J. M. Potter, knew of the sale to Justice and made no objection. Thereafter she deposed that her brother said the deed would be no good unless he signed it. J. H. Adington says that J. M. Potter knew of the contemplated sale, and told his sister to go ahead and sell it. J. M. Potter says that he objected to the sale, but admits that he knew of the sale beforehand, and that he was present at his sister's home when one of the deeds was made and a portion of the consideration paid, and it further appears that he did not object to the sale in the presence of Justice. On March 10, 1917, W. H. Potter, an older brother of Mrs. Adington and J. M. Potter, took an option on the land, and the land was subsequently conveyed to the Detroit-Elkhorn Coal Company, from which company the Elkhorn Coal Company acquired title.

The principal ground on which a reversal is asked is that the deed to Justice was ineffective. The basis of this contention is that a tenant in common cannot convey less than his entire interest in the property to a stranger without his co-tenant's consent. The rule may be conceded (Nevels v. Ky. Lumber Co., 108 Ky. 550, 56 S. W. 969; Winchester v. Watson, 169 Ky. 213, 183 S. W. 483), but it is not available here, as all the facts and circumstances, as well as the direct evidence bearing on the question, tend to show that the sales were made to Justice with the knowledge and consent of J. M. Potter, the co-tenant, and that being true, the contention that the deed passed no title cannot be sustained.

A more serious question arises as to the extent of the title which Justice acquired by the deeds. Ordinarily, of course, a co-tenant's deed is effective only as to his interest, and such would be the case here were it not for the peculiar features of the transaction. The original deed from Sarah Potter not only provided that when the land was divided Mrs. Adington and J. M. Potter should have an equal number of acres, but further provided that Mrs. Adington's portion should be laid off so as to include the old residence. Though no formal partition was made, the parties took possession of their respective parts. Instead of conveying a half interest in all the timber on the

entire tract, Mrs. Adington conveyed all the timber on certain designated portions of the tract. These portions included the old residence and the surrounding land, and constituted no more than one-half of the entire tract. Furthermore, it is clear, we think, that J. M. Potter told Mrs. Adington to go ahead and sell the timber. Therefore, it seems to us that the case is one where the deed under which the co-tenants held provided for a partition in a certain way, and though the grantees made no formal partition, they each took possession of the portions which they would have received had such a partition been made, and thus recognized the exclusive title of each to his or her particular portion. Therefore, it seems to us that J. M. Potter is estopped to claim any interest in the timber which he recognized as belonging to his sister and consented that she might sell with the same effect as if she were the sole owner. 10 R. C. L., sec. 95, p. 780. We also conclude that the Elkhorn Coal Company was not a *bona fide* purchaser for value. It took title to the land not only with constructive knowledge of the deeds by which Mrs. Adington sold all the timber of certain dimensions on certain portions of the land, but also with knowledge of the deed which provided for a partition of the land between the grantees in a particular way. These deeds were sufficient to put the coal company on inquiry as to how the lands were held and occupied by Mrs. Adington and her brother, and as to the circumstances under which the deeds were made to Justice, and constituted notice of everything that reasonable diligence would have disclosed.

Judgment affirmed.