## Elkhorn Coal Company, et al. v. Justice.

(Decided May 11, 1926.)

Appeal from Letcher Circuit Court.

1. Injunction—On Dissolution of Injunction, Obligee May Recover on Bond Direct Pecuniary Loss and Extraordinary Costs Incurred. if Injunction Proceeding be Anciliary to Main Cause of Action.— On dissolution of injunction, obligee may recover of sureties on bond pecuniary loss suffered as direct result of injunction, and, if it is anciliary to main cause, may recover extraordinary costs incurred in injunction proceeding independently of main action.

2. Injunction.—If injunction is sole relief sought, or if right thereto is determined by result of issue on merits, there can be no recovery of extraordinary costs.

3. Injunction.—Though it is for jury to fix amount of extraordinary costs of injunction proceeding recoverable on bond, it is for court to determine whether such costs are permissible.

4. Injunction—Extraordinary Costs of Defending Motion for Temporary Injunction Held Not Recoverable, where Action Independent of Main Issue was Inconsiderable.—Where defendant's only action respecting injunction independent of defense of case on merits was defense of motion for temporary injunction, and was inconsiderable, held nothing was recoverable as extraordinary costs of injunction proceeding.

5. Injunctions—Obligee in Injunction Bond Held Not Entitled to Recover Difference in Market Value of Timber as Direct Damage.— Obligee on injunction bond, restrained from cutting timber for four years, held not entitled to recover difference in market value of timber when injunction was granted and when dissolved, in absence of any proof of a contract of sale, performance of which was prevented by injunction.

FAULKNER & FAULKNER for appellants.

R. MONROE FIELDS and E. D. STEPHENSON for appellee.

Opinion of the Court by Judge McCandless—Reversing.

In March, 1920, .the Elkhorn Coal Company by an action in equity asserted ownership in certain standing timber and sought a perpetual injunction against J. F. Justice, restraining him from cutting, marketing or removing any of same. A temporary restraining order was issued by the circuit clerk. Later the defendant moved the judge of the circuit court to dissolve this order and the plaintiff moved for a temporary injunction, which was granted during the pendency of the suit. On final hearing the court decided in favor of defendant on the merits of the case and dissolved the injunction. On appeal to this court that judgment was affirmed. See Elkhorn Coal Co. v. Justice, 202 Ky. 607. The mandate from this court was filed in the lower court in April, 1924, and the plaintiff's petition in that action dismissed. Thereupon Justice filed this suit upon the injunction bond. In a jury trial he was awarded a verdict for $1,700.00 for depreciation of his timber during the pendency of the injunction; $600.00 for attorney's fees and $200.00 for extraordinary expenses incurred in the suit. A judgment was entered in his favor for $2,500.00, from which the Elkhorn Coal Company appeals.

It is well settled in this state that upon the dissolution of an injunction the obligee may recover of the sureties in the bond the pecuniary loss that he has suffered as a direct result of the injunction, and if the injunction is ancillary to the main cause of action he may recover his extraordinary costs incurred in the injunction proceeding independently of the main cause of action. It is equally well settled that if the injunction is the sole relief sought or if the right to an injunction is determined solely by the result of the issue on the merits of the case, there can be no recovery for extraordinary costs. Burgin v. Shearer, 14 B. M. 399; New National Turnpike Co. v. Delaney, 86 Ky. 516; Johnson v. Farmers' Bank of Kentucky, 4 Bush 283; Trapnall v. McAfee, 3 Met. 34; Bartram v. Ohio & Big Sandy R. R. Co., 141 Ky. 101; Tyler & Apperson v. Hamilton, 108 Ky. 120; Citizens' Trust & Guaranty Co. v. Ohio Valley Tie Company, 138 Ky. 424.

The reason is clear. If an injunction gives entire relief, or if injunctive relief is afforded by the final judgment on the issues involved in the main action, there is

no ground for special costs; and court costs only are recoverable, and this rule is not changed by the fact that both forms of relief are asked in the same action.

Here in the original action the plaintiff asserted ownership in the timber. If it had won on that issue it would have been entitled to a perpetual injunction, which it also sought. It lost on the main issue and for that reason the injunction was dissolved. There was no way to separate the labor and expenses of defending the injunction from that of defending the case on its merits, except as to the time consumed on the motion for a temporary injunction before the circuit judge, in which it appears that the defendant relied solely upon his verified pleadings in the case as affidavits, and offered no other testimony, and no attempt was made to estimate the value of this service.

As illustrating this point the counsel for appellee testified as a witness that he considered $750.00 a reasonable attorney's fee in the entire case, and was asked this question: "What did you do in respect to that injunction that was separate and apart, if anything, from the main merits of the case on the question of title and ownership of the property?" A. "Well, to dissolve that injunction it was necessary to defeat the title of the Elkhorn Coal Company and have its petition dismissed. You cannot separate it, as I see it, the work to dissolve the injunction and that of dismissing the petition, because it took a dismissal of the petition to dissolve the injunction."

While it is the province of the jury to fix the amount of extraordinary costs in a proper case, it is for the court to determine whether such costs are permissible. (Citizens' Trust Co., *supra*). It appearing that the only exclusive servive in the injunction matter was the defense to the motion for a temporary injunction; that this was inconsiderable and no effort was made to estimate the value of this service, hence this issue should not have been submitted to the jury.

The direct damage claimed by reason of the injunction presents a more difficult question. Appellee first testified that at the time the injunction was issued he had a contract for the sale of this timber which was thereby abrogated. Later he admitted that he had made no such contract, though he says he was negotiating for a sale; however, he does not even intimate the price he was offered, or the extent of the negotiations, but contents

himself with proof that the market value of the timber was higher in 1920 at the time the injunction was granted than it was in 1924, when it was finally dissolved, and assumes that he could and would have sold it for a profit in the meantime but·for the injunction. We do not think this sufficient. If he had made a sale of the timber or had a *bona fide* offer therefor which he was prepared to accept, and which he lost by reason of the injunction, and the market price of timber subsequently declined, this might be shown, his damages being the difference between the contract price at which he would have sold the timber and its market value at the time the injunction was finally discharged; but it must not be overlooked that he now has all of the timber that he had at the time the injunction was issued enhanced by four years of growth. As to whether he would or would not have sold the timber, or the price he would have received therefor is so highly speculative that we do not think it susceptible of a computation in damages. It follows that under the evidence the court should have denied this item and have given a peremptory instruction, and on another trial, if the proof is substantially the same, this will be done.

These views do not conflict with the Bertram case *supra* relied upon by appellee. Bertram had purchased and cut the timber in question and was removing it. The railway company sued Bertram's vendors in trespass to quiet title and procured an injunction. Later Bertram was made a party. The suit was not decided until five years later, in which time the timber would have rotted if left on the ground. Bertram showed a pecuniary loss in the deterioration of the timber and extraordinary damage in defending the injunction and the recovery allowed therefor accords with the views expressed herein.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.