### Avondale Heights Company v. Proctor.

(Decided April 24, 1928.)

Appeal from McCracken Circuit Court.

1. Injunction.—When an injunction is the sole relief sought, or if the right to the injunction is determined solely by the result on the merits of the case, no recovery on the bond is allowed, under Civil Code of Practice, secs. 278, 279, for attorney fees or extraordinary costs.

2. Injunction.—Where injunction was sole relief sought, lower court held properly to have denied recovery in subsequent suit on the injunction bond, given pursuant to Civil Code of Practice, secs.

278, 279, for attorneys' fees and expenses incurred relative to the injunction, where the only relief sought in orgiinal suit was relief by injunction.

3. Injunction.—In suit on an injunction bond, where it was urged that prospective sale of certain lots was precluded by issuance of the injunction, that the market price of such lots during injunction period was higher than price on dissolution of injunction, held too speculative and contingent to justify submission thereof to jury for allowance of damages on score that property had been tied up during higher price period; there being no showing that owners would have sold.

4. Injunction.—In suit on an injunction bond, given pursuant to Civil Code of Practice, secs. 278, 279, pending hearing relative to injunction restraining sale of certain lots, evidence respecting conditions of the real estate market during such injunctive period and relating to unidentified verbal offers for lots and sales of other lots in vicinity held too speculative as to damages to warrant submission to jury.

5. Injunction.—In action on an injunction bond, given pursuant to Civil Code of Practice, secs, 278, 279, evidence held not sufficient to establish loss to lot owners from deprivation of right to rent vacant lots during injunctive period.

6. Injunction.—In the application of equitable principles to an action on an injunction bond, given pursuant to Civil Code of Practice, secs. 278, 279, the law requires that the damages claimed as the proximate result of the injunction must be shown with reasonable certainty.

WHEELER & HUGHES for appellant.

BRADSHAW & MACDONALD and W. F. McMURRY, JR., for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is an action upon an injunction bond to recover attorney fees and damages for the depreciation and loss of use of real property while the order of injunction was in force.

The Avondale Heights Company in 1913 acquired a subdivision lying about a mile west of the corporate limits of the city of Paducah, which had belonged to the Gregory Heights Company. In making the subdivision, an open space had been left marked "Reserve," and in 1922 the appellant proposed to sell lots carved from the space so marked. It was thereupon sued by Xenoline Morris and others for the purpose of preventing a diversion of the "reserve" from use as a park or open space. A temporary injunction was obtained on August

29, 1922, which continued in force until final judgment in favor of the Avondale Heights Company. Morris v. Avondale Heights Co., 218 Ky. 356, 291 S. W. 752. See, also, Proctor v. Avondale Heights Co., 200 Ky. 447, 255 S. W. 81.

A bond was given, signed by the appellees, to the effect that they would pay appellant the damages sustained by reason of the injunction, if it should be finally decided that the injunction ought not to have been granted. Civil Code, secs. 278, 279. The present action is based upon the bond, and seeks to recover attorney fees and expenses incurred in defending the injunction suit, and substantial damages for the deterioration and loss of use of the property while the injunction was effective. The lower court directed the jury to find for the appellant nominal damages and costs, and declined to submit any question to the jury. On this appeal by the Avondale Heights Company it insists that it was entitled to recover the costs and damages indicated.

It is settled by our decisions that, when the injunction is the sole relief sought, or if the right to the injunction is determined solely by the result on the merits of the case, no recovery on the bond is allowed for attorney fees or extraordinary costs. Bartram v. Ohio & Big Sandy R. Co., 141 Ky. 101, 132 S. W. 188; Elkhorn C. Co. v. Justice, 214 Ky. 451, 283 S. W. 399.

The reasons for this rule have been repeatedly explained in the opinions of this court, and need not now be reiterated or elaborated.

Appellant insists that the rule is inapplicable here because the injunction was not the sole relief sought in the action where the bond was given. The opinion of this court on the former appeal is doubtless conclusive against appellant on the question, but, whether so or not, our re-examination of the record leads us to the same conclusion. The plaintiffs in that case sought an injunction to prevent the diversion of the "reserve" from use as a park or open space, and all other matters in the case were incidental to that primary purpose. It follows that the lower court was correct in denying a recovery on the injunction bond for attorney's fees and expenses.

It is not claimed that the land or lots into which it was subdivided deteriorated during the time the injunction was in force, but it is insisted that the market advanced and then declined, and, but for the order of injunction, the property could have been sold in 1925 or

1926 for considerably more than was obtainable after the dissolution of the injunction. It is not established that appellant could or would have sold the property at the highest price reached by the market while the injunction was in force, and the same contention now presented was rejected by this court in Elkhorn Coal Co. v. Justice, 214 Ky. 451, 283 S. W. 399, as too speculative and contingent to justify submission to a jury for the allowance of damages on that score. The same reasoning sustains the ruling of the trial court in rejecting testimony offered by appellant respecting the conditions of the real estate market, relating to unidentified verbal offers for lots and other sales of lots in the vicinity during the time involved.

The evidence introduced and offered in this case did not remove the question from the realm of speculation that was described in the Justice case, and, for the reasons there stated, the court did not err in denying a recovery on that item of damages.

There remains for consideration the claim of damages for loss of rental value, or the value of the use of the property, during the period of restraint. There can be no doubt of the right in a proper case to recover damages on an injunction bond for the loss of rental value, or the value of the use of property, lost by reason of the injunction. Wadsworth v. O'Donnell, 7 Ky. Law Rep. 837; Miller v. Smythe, 122 Ky. 699, 92 S. W. 964, 29 Ky. Law Rep. 242; 14 R. C. L. secs. 184, 185; 32 C. J. pp. 464-466.

It is necessary to consider the nature of the property and the use that had been, and was likely to have been, made of it. The land in this instance had not been used or rented from 1908 when the "reserve" was marked on the plat until the injunction was issued in 1922. As the name indicated, it was being held in reserve for future sale until other lots in the subdivision were sold and the development had progressed to a point that would enhance the market value of the lots in the reserve. It was not designed for rent or use, and it is not shown that it was adaptable therefor. Appellant frankly admits that it was not intended to be rented, but the desire was to sell it as lots for building purposes. The testimony of rental value is vague, and conditioned on the erection of improvements which were not contemplated. The only witness to express an opinion on rental value of the naked lots coupled the opinion with a

condition that the rental value would be very small if any one had wanted to rent one of the lots. It was not shown that any one desired to rent, or that it was possible to rent even one of the lots. The natural conclusion from the record is that the reserve was maintained while the injunction was in force in the same condition it had been from the beginning of the subdivision. Indeed, that was all the order of injunction required. There was not shown with reasonable certainty any basis upon which a judgment for damages for loss of use of the reserve could be predicated.

In the application of equitable principles to an action of this kind, the law requires that the damages claimed as the proximate result of the injunction must be shown with reasonable certainty. Miller v. Smythe, 122 Ky. 699, 92 S. W. 964, 29 Ky. Law Rep. 242; Citizens' Trust & Guaranty Co. v. Ohio Valley Tie Co., 138 Ky. 424, 128 S. W. 317.

In order to allow substantial damages on the evidence in this case, it would be necessary to base it on pure speculation that damages occurred, when it is perfectly clear from the record that none in fact had been sustained. Elkhorn Coal Co. v. Justice, 214 Ky. 451, 283 S. W. 399; Epenbaugh v. Gooch, 15 Ky. Law Rep. 576.

In view of the facts shown by the record, the lower court did not err in directing a verdict for nominal damages and costs.

Judgment affirmed.