## Holt's Adm'r v. Johnson et al.

(Decided Jan. 31, 1933.)

C. C. GRASSHAM and M. C. ANDERSON for appellants.
BEN S. ADAMS and D. H. HUGHES for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

There is no dispute as to either the law or the facts in this case. The contention is as to the application of the one to the other. The case is a sequel to Johnson v. Holt's Administrator (Johnson v. Sullivan), 235 Ky. 519, 31 S. W. (2d) 895. As stated in that opinion, O. T. Holt's administrator recovered judgment for damages against Dr. J. S. Johnson. Thereafter he filed a motion to set it aside as being void for want of jurisdiction. Dr. Johnson also filed an independent suit, which embraced the sheriff and his deputy, to prevent a sale of his property under an execution which had issued on the judgment. In order to obtain a temporary injunction, he executed a bond with the National Surety Company, as surety, as required by sections 278 and 279, Civil Code of Practice. The injunction was dissolved by the circuit court, and its action was affirmed in the opinion cited, which covered both the appeal from the judgment in the damage suit and that in the injunction suit. This action was filed by Holt's administrator upon the injunction bond and sought recovery of $500, alleged expenses incurred for attorney's fees in defending the injunction suit.

Everybody agrees that the law is as succinctly stated in note to section 279 of the Civil Code, as follows:

"Where the injunction is merely in aid of the relief sought, or is relied on to secure the relief when obtained or to prevent the commission of an act that would result in injury before termination of action, attorney fees may be recovered. Strong v. Duff, 228 Ky. 615, 15 S. W. (2d) 517 (70 A. L. R. 56), but where the injunction is the relief sought, and in fact gives the relief if sustained, attorney fees can not be recovered. New Nat. T. P. Co. v. Dulaney, 86 Ky. 516, 9 Ky. Law Rep. 697, 6 S. W. 590; Bennett v. Lambert, 100 Ky. 737, 18 Ky. Law Rep. 1057, 39 S. W. 419; Williams v. Allen, 21 Ky. Law Rep. 1191, 54 S. W. 720; Tyler v. Hamilton, 108 Ky. 120, 21 Ky. Law Rep. 1516, 55 S. W. 920; Green v. Quisenberry, 118 S. W. 361, 133 Ky. 561; Bartram v. Ohio & B. S. R. Co., 141 Ky. 100, 132 S. W. 188; Burley Tobacco Growers' Co-operative Ass'n v. Pennebaker Home for Girls, 221 Ky. 718, 299 S. W. 734; Avondale H. Co. v. Proctor, 224 Ky. 188, 5 S. W. (2d) 1054."

The argument is made by the appellant that the injunction suit was ancillary to the main cause of action, that is, the suit for damages, in which there was pending a motion to set aside the judgment; that the injunction suit was for the purpose of tying the hands of the defendant and the sheriff while undertaking to have the judgment declared void.

We cannot go quite so far in the construction to be given the law relating to the recovery of damages on an injunction bond. This was an independent suit, having one purpose only; and that was to stop the enforcement of the execution. To ascertain what remedy is desired of the court in a pleading, it is necessary to examine the prayer of the pleader. It defines specifically the legal right claimed and that by which the court will be guided in granting or refusing the relief, for the court cannot voluntarily grant or thrust upon the petitioner something he may not desire. The prayer also serves the additional purpose of informing the defendant what is demanded of him and what particular remedy is asked. Cumberland Telephone & Telegraph Co. v. City of Hickman, 129 Ky. 220, 111 S. W. 311, 33 Ky. Law Rep. 730. The prayer of the petition as amended in the suit, and that which was temporarily granted because of the execution of the bond, was that the defendants therein named be enjoined and restrained from making any sale of the plaintiff's interest in certain tracts of land under the execution levy; and that further proceedings under the levy be stayed until the judgment of the court "in this proceeding." There was further added that the plaintiff did not ask for a discharge of the levy, but only that further proceedings be stopped until further orders were made "concerning the same by this court."

The injunction was not merely in aid of the relief sought in the suit in which it issued. It was the sole relief asked, and that was denied upon final hearing. No recovery on the bond, as is stated above, is allowed for attorney's fees or extraordinary costs when the injunction is the end to be achieved in the case. The reasons for the rule have been repeatedly given. See Elkhorn Coal Co. v. Justice, 214 Ky. 451, 283 S. W. 399; Avondale Heights Co. v. Proctor, 224 Ky. 188, 5 S. W. (2d) 1054. We do not think that the court is authorized to consider some other suit than that in which the

injunction issued in order to determine the liability under the bond.

If the suit should be regarded as one to stay proceedings on the original judgment, the terms of section 295 of the Civil Code of Practice would apply, and they provide for a summary assessment of damages. But in such a proceeding, as is held in Stearns Coal & Lumber Co. v. Tuggle, 167 Ky. 438, 180 S. W. 532, an attorney's fee can be recovered only in an action upon the injunction bond, and that is limited to the conditions we have stated.

The trial court properly disallowed a recovery. Hence the judgment is affirmed.