**BEGLEY et al. v. FERRA et al.**

Court of Appeals of Kentucky.
May 11, 1951.

Napier & Napier, Hazard, for appellants.

Hiram H. Owens, Barbourville, Sylvester Little, London, for appellees.

CLAY, Commissioner.

This is a suit on an injunction bond. The trial court directed a verdict for appellees on the ground that appellants had failed to prove any damages.

Appellees filed the original suit June 7, 1946, asserting title to land in Perry County, and seeking to enjoin appellants from mining coal thereon. A restraining order was issued which remained in effect 68 days, when it was dissolved. On appeal to this Court, the judgment, favorable to appellants, was affirmed. Farra v. Begley, 306 Ky. 52, 206 S.W.2d 46.

No one questions appellants' right to recover (up to the face amount of the bond) such pecuniary losses as they suffered as a direct result of the issuance of the restraining order. However, the burden was on them to prove their damages, and they failed to do so. Actually the evidence shows appellants sold the coal on their land, after the dissolution of the restraining order, at a higher price and profit than they were realizing from their mining operations prior to the time they were restrained.

The case is similar to that of Elkhorn Coal Company v. Justice, 214 Ky. 451, 283 S.W. 399, wherein the plaintiff, suing on an injunction bond, had been restrained from cutting and marketing timber on his property for four years. The Court found that since the plaintiff still had his timber and had not established that its value had decreased while the injunction was in effect, he had shown no loss. It is significant that in the present case appellants' counsel has failed to state in his brief the amount of damages appellants sustained. If the claimants are unable to estimate what these were, if any, we cannot understand how a jury could do so.

Appellants also sought to recover, in addition to general damages, an attorney's fee and the cost of making a

survey in the case. These expenses are not recoverable because appellants failed to show they were incurred in defending the injunction phase of the case. Where the right to an injunction is determined solely by a decision on the merits, attorneys' fees and the cost of preparing the defense are expenses incurred in defending the principal cause of action, and are not recoverable on the injunction bond. See Citizens' Trust & Guaranty Co. v. Ohio Valley Tie Co., 138 Ky. 421, 128 S.W. 317, and the Elkhorn Coal Company case, 214 Ky. 451, 283 S.W. 399, above discussed.

Other questions are raised by appellants, but our conclusion makes it unnecessary to discuss them. The trial court properly directed a verdict for appellees.

The judgment is affirmed.