# Marengo County, *et al.,* v. Matkin, *et al.*

### Action on Injunction Bond.

[Decided June 13, 1905.]

1. *Injunctions; Action on Bond.*—Under an injunction bond conditioned to pay or cause to be paid all damages and costs which any person may sustain by the suing out of the injunction if the same is dissolved, any person may sue thereon for the recovery of any damage resulting to him from the direct effects of the injunction.

2. *Same; Same; Pleading.*—In an action upon an injunction bond by a person not named as an obligee therein, such party must set out in his complaint such a state of facts as to show that he was damaged by reason of the issuance of the injunction. An averment of the breach of the condition of the bond, coupled with the fact that the injunction was dissolved, without more, would not entitled such party to recover nominal damages even.

3. *Same; Same.*—Where the owner of property has contracted with a party to erect a building thereon, and such contractor assigns

[Marengo County, *et al.* v. Matkin, *et al.*]

to a third party all his rights and duties under the contract, and afterwards, a bill of injunction is filed against the owner and contractor to prevent the erection of the building, and the assignee of the contract is not made a party to the bill, he is not bound by an injunction issued in the cause, and, if he ceases work on the building, it is his voluntary act and damages occasioned thereby are not the direct effect of the injunction.

APPEAL from Marengo Circuit Court.

Heard before the Hon. A. H. ALSTON.

This action was brought by the appellants, Marengo county and one Thomas Purvis, against the appellee, Thomas D. Matkin, as obligors in an injunction bond given in a cause wherein the said county and several others, not including Thomas Purvis, were the defendants.

The material allegations of the complaint were, in effect, that the court of county commissioners of Marengo county, deeming it necessary to build a new court house, passed proper resolutions for that purpose and designated where it should be built. That, in pursuance of such resolution, a contract was entered into with one F. M. Dobson, and warrants were issued to pay for the building. That Dobson transferred and assigned his contract to Thomas Purvis, with the concurrence of the county, and Purvis proceeded with the erection of the building. That afterwards, while Purvis was proceeding in the erection of the building, appellants sued out an injunction restraining further proceeding on the building, giving bond conditioned as set out in the opinion. The bill for injunction was against the county of Marengo, certain of its officers and Dobson and his partner, one Hand. Purvis was not made a party. The complaint further set out that, by reason of the injunction, Purvis had to quit work on the building, and was damaged in several particulars, such as that he was under contract with many laborers for whose time he had to pay during the delay; that the injunction depreciated the value of county warrants issued to him; that the building was damaged during the delay in manner it would not have been, but for the delay; that, during the delay, price of necessary materials greatly enhanced in value. The

county claimed damages for attorneys' fees in defending the injunction suit.

The defendants moved to strike from the complaint the allegations of the damages alleged to have been sustained by Purvis, and also demurred to such parts of the complaint. The courts sustained the motion and demurrers. The plaintiffs then offered several amendments which did not materially change the gravamen of the allegations of the original complaint, and objections of the defendants thereto were sustained.

By reason of the adverse rulings of the court, the plaintiffs took a non-suit with bill of exceptions.

MALLORY & MALLORY, for the appellants.—Purvis is entitled to sue on the bond, although he is not named as an obligee thereon.—*Smith v. Loan & Trust Co.,* 102 Ala. 282; *Hilliard v. Brown,* 103 Ala. 318. Though Purvis was not a party to the bill enjoining the building the court house, his principal was, and the injunction prohibiting further work thereon, and Purvis would have been held in contempt and punished, if he had not suspended his work on the building.—*In re Reese,* 107 Fed. Rep. 942; *A. S. & W. Co. v. Wire Drawers Co.,* 90 Fed. Rep. 598; *Ex Parte Lennon,* 166 U. S. 548.

WILLIAM CUNNINGHAME, S. G. WOOLF, McDANIEL & POWELL, and PETTUS, JEFFRIES & PARTRIDGE, for appellee. Purvis, not being a party to the injunction suit, or named in the bond, cannot sue thereon.—10 Enc. Pl. & Pr. 1127; *Stewart v. State,* 20 Md. 97; *Dunham v. Seiberling,* 12 Ind. App. 222. Purvis, not being a party to the writ, was not bound thereby, and his suspension of work was voluntary.—2 High on Inj. Sec. 1435; Ib. 1440; 16 Enc. Law (2d ed), 428; *Dunham v. Seiberling,* 39 N. E. Rep. 1044; *Bate Ref. Co. v. Gillett,* 30 Fed. Rep. 685.

TYSON, J.—We agree with counsel for appellants that Purvis has a right of action upon the bond if on the facts averred he has shown that he has suffered any recoverable damages.

It is true he is not named as an obligee in it, neither was he a party to the proceeding in which the writ of in-

junction was issued, but the bond is conditioned "To pay or to cause to be paid all damages and costs which any person may sustain by the suing out of said injunction if the same is dissolved." This obligation is broad enough to confer upon him a right of action for all damages resulting to him from the *direct effects* of the injunction.—§ 788 of the Code; *Smith v. Mutual Loan & Mort. Co.*, 102 Ala. 282; *Jackson v. Millspaugh*, 100 Ala. 285; Sutherland on Damages, § 526.

Not being named as an obligee, good pleading would require that he should allege such a state of facts as to show that he was damaged by reason of the issuance of the injunction. An allegation of a breach of the condition of the bond, coupled with the averment of the fact that the injunction was dissolved, without more, will not suffice to show that he is entitled to recover nominal damages, even, as would perhaps be the case if he was one of the payees in the bond.—*Rosser v. Timberlake*, 78 Ala. 162.

The facts alleged show that the writ of injunction restrained Marengo county and certain of its officers and the members of the firm of Dobson & Hand from constructing a court house upon a certain lot, under a contract between Dobson and the county, and prevented the negotiation of county warrants, etc. It is not shown upon what grounds the bill sought to prevent by injunctive relief the performance or execution of this contract. Whether on account of its supposed invalidity, or on account of objections to the personality of Dobson & Hand, or some other ground is not alleged. It affirmatively appears, however, that, at the time the bill was filed and the writ awarded, Purvis was actually constructing the house and had already done a large amount of work on it. Prior to this time, he, it is alleged, had acquired all of Dobson's rights under the contract by a transfer of it and had become entitled to all the emoluments arising from it and was responsible to the county for the proper construction of the house. On these facts, Purvis was not the agent or servant of either party to the writ, nor did he acquire his right under the contract to construct the house *pendente lite*. Nor was he a privy to either of

the parties enjoined, in such sense as that the order for the injunction bound him. He was not, therefore, bound by the writ.—2 High on Inj. §§ 1435, 1440; *Bate v. Gellett*, 30 Fed. Rep. 685, and cases there cited; 24 Am. & Eng. Ency. Law, (2nd ed.) pp. 746, 749; *Shelby v. Burtis*, 18 Tex. 644; *Buhlman v. Humphrey*, 53 N. W. (Ia.) Rep. 318; *New comer v. Tucker*, 89 Iowa 586; *Boyd v. State*, 26 N. W. (Neb.) Rep. 925; *State v. Miller*, 54 Kan. 244; *Batterman v. Finn*, 32 Howard Prac. 501; *People v. Randall*, 73 N. Y. 423; *Dunham v. Seiberling*, 39 N. E. (Inda.) Rep. 1044.

In the last case cited, Seiberling had obtained an injunction against the owner of a piece of land and his lessee and one Fox, an employe of the plaintiff Dunham, to restrain them from drilling a gas well on the land. Dunham, with whom the lessee had a contract to drill the well at the price of $1,300.00, was not a party to the proceeding for the injunction; therefore, not a party to the writ. Prior to the issuance of the writ, he had moved his machinery upon the land and employed a number of skilled persons and was engaged in the work of drilling the well. At the date of the issuance he had sunk the well to the depth of 360 feet and could have finished the work in about 16 days more, but quit work on account of the writ. Upon a dissolution of the injunction he brought this action on the bond. It was held that he was not entitled to maintain it. The court said: "The appellant was not forbidden to drill. His right to enter and drill was acquired prior to the granting of the injunction. If he acted in pursuance of his right thus acquired, and of his own accord, it could not be said that he was acting for the defendants and in violation of the order. The appellant was not enjoined, and he had a right to proceed until the order of the court forbid him. * * * * Had he pursued this course, Seiberling, in order to have prevented the drilling of the gas well, would have been compelled to proceed against the appellant, and have given an undertaking to indemnify him. There may be cases where one's servant or agent is enjoined from prosecuting the business of the employer in which the employer may maintain an action on the undertaking, but no such case is made by the complaint."

[Southern Ry. Co. v. Cherokee County.]

Here the owner, Marengo county, and the former contractor were enjoined, but Purvis, who was the owner of the contract at the date of the filing of the bill, was not. He was entirely at liberty to continue the construction of the house. The complainants in the injunction suit had not in any manner restrained or prohibited him from carrying out his obligations under the contract. If he abandoned the construction of the building, pending the injunction, as he alleged he did, it was his voluntary act. The decretal order granting writ of injunction was *res inter alios acta* as to him. To hold otherwise would bind him by a judgment or decree to which he was not a party or privy. He must be held to a knowledge of his rights and, if he forbore the exercise of them, the defendants are in no wise responsible for it. It is not perceivable how the damages occasioned by his voluntary act can be held to be the direct effects of the injunction. Indeed, in a legal sense they cannot be. Had he gone forward with the performance of his part of the contract, as he had the right to do, and been delayed or defeated in the collection of the contract price for his work from the county by reason of the injunction, that would present a very different question from the one here under consideration.

Affirmed.

MCCLELLAN, C. J., SIMPSON and ANDERSON, JJ., concurring.