## Watkins v. Mowbray & Robinson Company, et al.

(Decided December 18, 1925.)

### Appeal from Breathitt Circuit Court.

1. Injunction—Landlord Cannot Maintain Action on Bond Given for Benefit of Tenant to Restrain Tenant's Trespass.—An injunction bond, given for benefit of defendant in suit to restrain trespass, does not inure to benefit of defendant's landlord, who is not named as obligee in bond, and hence does not entitle landlord to maintain action thereon.

2. Judgment—Landlord would Not be Bound by Judgment Rendered Against Tenant Alone.—Rule that injunction binds parties and privies applies to privies in contract with tenant in reference to his particular leasehold interest, but would not affect interest of landlord so as to bind him by any judgment rendered in action against tenant alone.

3. Parties—Intervention Does Not Relate Back to Entitle Intervener to Benefit of Bonds Executed to Original Defendant.—Intervention does not relate back to beginning of action so as to entitle intervener to benefit of bonds and obligations executed to original defendant.

4. Injunction—Party Not Mentioned in Injunction Bond May Bring Action Thereon Only if he is a Member of Class Mentioned in Bond. —One not named as a party in injunction action or specifically designated as an obligee in injunction bond may bring action on the

bond only where he is a member of a class, some of whose members are made defendants in injunction proceedings, and bond is executed to members of class, who are made parties to proceedings, and obligation of bond runs to them and all other members whom they represent.

5.   Judgment—Landlord Informed of Injunction Against Tenant Held Not Bound Thereby.—Civil Code of Practice, section 283, providing that an injunction binds party from time he is informed thereof refers only to parties to action, and does not bind landlord informed of injunction restraining tenant's trespass, who was not a party to injunction proceedings.

W. L. KASH and GRANNIS BACH for appellant.

H. W. FLUTY, O. H. POLLARD and B. R. JOUETT for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In 1918 the appellee and defendant below, the Mowbray & Robinson Company, a Delaware corporation, instituted an action in the United States district court for the eastern district of Kentucky against one George Mullins, alleging in its petition that it was the owner and entitled to the possession of a large described tract of land in Breathitt county, Kentucky, and that defendant, Mullins, was committing trespass upon portions of it, and it sought and obtained a temporary restraining order or injunction to prevent him from committing future trespasses and mandatorily requiring him to remove a building which he had partially constructed. Before granting that order the court required plaintiff to execute bond as is required by our Civil Code of Practice in such cases, as well as the federal practice, with the appellee and defendant, Maryland Casualty Company, as its surety. The only obligee named in that bond was the defendant therein, George Mullins. The appellant and plaintiff herein, Nancy Jane Watkins, intervened in that case and alleged that she was the owner of and entitled to and was in possession of a particular described tract of 100 acres lying within the boundary claimed by plaintiff in that suit, and on final hearing she was adjudged to be the owner of the tract described by her in her intervening pleading, in which she also alleged that the defendant, Mullins, in that action was her tenant whom she had placed in possession of the land she claimed and described under a contract to do certain clearing and construct certain buildings upon terms agreed upon in their lease. The injunction against Mullins necessarily be-

came inoperative from the time of the entry of the final judgment in favor of plaintiff herein on her intervening pleading, and was in effect an adjudication that the injunction was wrongfully obtained. Plaintiff herein then filed this action against the two defendants on the bond executed in the Federal Court to recover damages which she alleged she sustained as the owner of the 100 acres on account of the issual of the injunction by the Federal Court. A demurrer filed to her petition was sustained and, declining to plead further, her petition was dismissed, followed by this appeal from the judgment.

The record does not disclose the ground of the court's action in sustaining the demurrer, but we are informed by briefs, and which we would necessarily conclude, that it was upon the ground that the bond sued on, being executed to Mullins alone did not inure to plaintiff's benefit so as to entitle her to maintain an action thereon, and which we think was the correct conclusion. In opposition thereto it is argued by counsel for plaintiff that injunctions bind parties and privies, whether the latter are actually parties to the action in which the injunction was obtained or not, and as a consequence plaintiff, who was the landlord of the defendant in the Federal Court action, was bound by the injunction therein, and for that reason is entitled to maintain this action on the bond given to obtain it. Answering that argument, it first may be said that it is doubtful if plaintiff occupied such a privy relationship to Mullins, her tenant, as to come within the rule stated and relied on. In one sense she might be considered a privy in contract with him, but that contract only vested him with a leasehold interest in a part of her land covered by the lease, and the rule invoked would, no doubt, apply to all subsequent privies in contract with Mullins in reference to that particular leasehold interest, but would not, because of the supposed relationship, affect the interest of the landlord so as to bind him by any judgment rendered in an action against the tenant alone.

We have held in an unbroken line of cases that an action of trespass to try title, or an action of ejectment may be maintained against the trespasser or the wrongfully occupying possessor alone without making the true title holder a defendant. Of course, such title holder might properly be made a party, but if not, he will not be bound by any judgment rendered against his tenant, unless he became a party by intervention, as he would have the

right to do and as plaintiff in this case did, or otherwise became a party in some manner known to the law, so as to be bound by the judgment rendered in the cause. However, the fact of becoming a party after the institution of the action, by intervention or otherwise, does not relate back to the beginning of the action so as to entitle the intervenor to the benefit of all bonds or obligations executed to the original defendant required by the practice for the obtention of the particular temporary relief sought. We entertain no doubt in this case that plaintiff could have released to another the same premises leased to Mullins, or given another lease on different portions of the land she claimed, without in any wise violating the injunction granted against Mullins in the Federal Court case, although she may have had knowledge of that instruction. The cases where it is held that persons having knowledge of the injunction are bound thereby, and who are guilty of a contempt of court by disobeying it are where members of a class were enjoined and against all of whom the injunction is directed, whether they be parties to the action or not, and the cases allowing actions on injunction bonds in favor of one not named as a party to the injunction action, or specifically designated as an obligee in the injunction bond, are only those where some member of a class are defendants in the injunction proceedings and in which the bond is executed to the members of the class who are actually made parties thereto and in which the obligation runs to them and to all other members whom they represent.

This was true in the cited and relied on case of Alexander v. Gish, 88 Ky. 13. In it some taxpayers sought to enjoin the sheriff of Muhlenberg county and other officers of the county from collecting a tax which had been levied for the purpose of funding some railroad bonds of the county as well as other bonds issued in compromise and settlement of the originally issued ones. A holder of some of the original bonds, and a holder of some of the compromised ones, were made parties defendant, and the obligation in the bond ran, not only to the named defendants, but also to "All holders of original bonds, and all holders of compromised bonds," and it was held that other holders of either class of bonds than the named obligees in the injunction bond might maintain an action thereon after judgment dissolving the injunction, upon the ground that, though not named in the bond nor made actual parties to the original suit, it was defended by the

named member or members of the class to which they belonged for their use and benefit, and the bond expressly obligated plaintiffs to them as a member of that class.

Neither does the case of Bartram v. Ohio & Big Sandy R. R. Company, 141 Ky. 100, support counsel's contention. In that case plaintiff, the railroad company, sought to recover certain timber which had been cut and lying on the ground because, as alleged, it was the owner of the land from which it was taken, and that the defendants had wrongfully cut it, and plaintiff obtained an injunction to prevent them from removing it. Bartram was not made a party to the action when filed, and he, claiming to own some of the timber, attempted to remove it, notwithstanding he had knowledge of the injunction. Plaintiff then made him a party and he was proceeded against for contempt and found guilty. The opinion does not pass upon the propriety of that action but expressly refrained from doing so. After he was made a party there was a motion of plaintiff to extend the original injunction so as to apply to him, which motion was sustained *only on condition* that a bond be executed to him as had been done in favor of the original defendants upon the filing of the suit. That required bond was executed and the action was filed by him on it after it had been adjudged that he was the owner of the timber that he claimed. From the facts as so appearing it is clearly to be seen that the opinion is no authority in favor of counsel's contention. On the contrary, we construe it to be one supporting the judgment herein to the effect that one not named in the bond can not maintain an action on it, unless it in some way inures to his benefit in a manner as hereinbefore indicated or in some other legal manner.

But it is insisted that section 283 of the Civil Code, saying, ''An injunction binds the party from the time he is informed thereof,'' rendered defendants herein liable to plaintiff because she was informed of the injunction against her tenant, Mullins, and did not attempt to violate it while it was in force, but that provision of the Code has reference only to a party to the action and was intended to make the injunction binding on him from the time he was informed of it whether he had been served with a copy or not, and it has no reference to a case like this where a stranger to the proceedings had information of it.

The case of Bridges v. McAllister, 106 Ky. 791, is relied on to sustain the latter contention, but that was not

an action on any legally required bond or other writing, but only a common law action for damages and the question was, whether the plaintiff was estopped by his connection with prior litigation to maintain the action? Clearly, that case has no bearing on the question here involved, which is, the right of one not named as an obligee in an injunction bond and who was not a member of a class for or against whom suit was brought or prosecuted, to maintain an action on it. It is our conclusion that the court correctly held that he could not. Plaintiff herein no doubt could have required the plaintiff in the Federal Court case to execute a bond to her when or after she became a party to that suit, as was done in the Bartram case, but not having done so she can not maintain this action on the bond executed solely to her tenant, Mullins. Supporting the views above expressed is the text in 14 R. C. L. 476, and the case of Interstate National Bank v. McCormack, reported in 34 A. L. R. 721, both of which but express the rule as announced by text writers and courts generally.

Wherefore, the judgment is affirmed. Whole court sitting.