# White v. Strong et al.

(Decided June 18, 1929.)

TURNER & CREAL, O. H. POLLARD and A. H. PATTON for appellant.

W. S. HOGG and E. B. ROSE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

W. B. Buskirk and S. M. Croft, as partners doing business in the firm name of Kentucky River Hardwood Company and the Kentucky Union Company, made a contract with S. F. White by which he was employed to cut, haul, and deliver all the timber trees on a certain tract of land. After he had cut about 100,000 feet of the timber and was preparing to cut and deliver the balance, they filed a suit against W. H. Strong and others to quiet their title to the tract of land. The defendants in that action made their answer a counterclaim, asserting title in them and obtained a restraining order by which U. B. Buskirk and S. M. Croft, partners doing business under the firm name of the Kentucky River Hardwood Company and Kentucky Union Company, and their agents, servants, and employes, were enjoined and restrained from entering upon the tract of land or cutting or removing therefrom any timber. A copy of the order was served upon S. F. White, who had the contract to cut the timber. To obtain the restraining order an injunction bond was given, which reads as follows: "We undertake

that the defendant, Jack Strong, &c., shall pay to the plaintiffs, U. B. Buskirk and others the damage, not exceeding $5,000, which he may sustain by reason of the injunction in this action, if it is finally decided that said injunction ought not to have been granted."

The injunction was finally discharged, and this action was brought by White on the injunction bond, charging that he was an employe and agent of the plaintiffs, Buskirk, etc. The circuit court sustained a general demurrer to his petition. He appeals.

The single question presented is: May White maintain an action upon the injunction bond? In Alexander v. Gish, 88 Ky. 13, 9 S. W. 801, an injunction was obtained restraining the collection of county bonds. Certain of the bondholders were made parties, and by the terms of the bond the obligors agreed to pay the persons named as defendants in the action and all holders of the bonds the damages which they, or either of them, might sustain. It was held that a bondholder who was not named as a defendant in the action might sue on the bond. But this was expressly based upon the fact that the words "all holders of the bonds" were used in the covenant. In Bartram v. Ohio, etc., R. Co., 141 Ky. 100, 132 S. W. 188, the railroad company brought a suit enjoining the cutting of timber on a certain tract of land. Bartram held a contract to cut the timber. He was not made a defendant to the action, but had notice of the injunction. He thereupon, when the facts were presented to the court by him, was made a defendant to the action, and the plaintiff was required to execute a bond indemnifying him. The recovery by Bartram in that case was sustained on the bond executed to him. White here might fully have protected his rights by following the course which Bartram followed in that case. But he did not do so. In Watkins v. Mowbray & Robinson Co., 212 Ky. 118, 278 S. W. 557, George Mullins was a tenant of Watkins; he was sued and an injunction was obtained restraining him from entering upon the property. The injunction was discharged, and Watkins sued on the bond by which the obligors had undertaken to pay Mullins the damages which he might sustain by reason of the injunction. Referring to the previous cases and holding that Watkins could not maintain the action, the court said: "The cases where it is held that persons having knowledge of the injunction

are bound thereby, and who are guilty of a contempt of court by disobeying it are where members of a class were enjoined and against all of whom the injunction is directed, whether they be parties to the action or not, and the cases allowing actions on injunction bonds in favor of one not named as a party to the injunction action, or specifically designated as an obligee in the injunction bond, are only those where some member of a class are defendants in the injunction proceedings and in which the bond is executed to the members of the class who are actually made parties thereto and in which the obligation runs to them and to all other members whom they represent."

The general rule is that a surety is only bound by the terms of his covenant fairly construed. By the covenant here the sureties agreed to "pay to the plaintiffs, U. B. Buskirk, and others." The word "others" naturally and fairly only means the other plaintiffs. It is not a covenant to pay anybody anything except the plaintiffs in the action. White was not a plaintiff in the action; he was not a party to the action. If he was an employe, and if bound by the injunction, he could have entered a motion to discharge the restraining order, unless a bond to protect him was given. But this he did not do. The rights of the sureties are not affected by the fact that after they signed the bond an injunction was issued and the defendants had a copy of it served on White. The sureties are only affected by the terms of their covenant, and their liability cannot be extended by anything that the defendants afterwards did. The great weight of the authorities sustains the rule that one who is not fairly within the covenant cannot sue upon the bond. The cases in which such actions have been allowed are as a rule cases where the bond was a covenant to pay all persons injured by the injunction the damages they sustained. 14 R. C. L. p. 476, Sec. 176; 32 C. J. p. 436, Sec. 748; Town of Dadeville v. Wynn, 14 Ala. App. 418, 70 So. 197; Marengo County v. Matkin, 144 Ala. 574, 42 So. 33, 6 Ann. Cas. 902; Inter-State Nat. Bank v. McCormick, 67 Mont. 80, 214 P. 949, 34 A. L. R. 721.

Judgment affirmed.