JORDAN-JEFFERSON, INC., Appellant, v. SCHEER, Respondent.

*March 7—April 3, 1962.*

For the appellant there was a brief and oral argument by *Morris Karon* of Milwaukee.

For the respondent there was a brief by *Grootemaat, Cook & Franke* of Milwaukee, and oral argument by *Robert E. Cook*.

CURRIE, J.   In order to recover damages resulting from the wrongful procurement of an injunction, the elements of a cause of action for malicious prosecution must be present. 28 Am. Jur., Injunctions, p. 850, sec. 334; 43 C. J. S., Injunctions, p. 1054, sec. 281 a.   Plaintiff contends that its complaint states facts constituting the required elements of a cause of action for malicious prosecution grounded on a prior civil action, except the element that the prior action

was brought by defendant against plaintiff. However, plaintiff contends that an action for wrongful injunction will lie against one, who without probable cause maliciously secures an injunction which damages another's property, or restrains its use, even though the person so damaged was not a party to the prior suit for injunction. We shall, therefore, confine this opinion to the very narrow issue of whether one not a party to a prior suit for injunction may maintain an action for wrongful injunction.

There is a statement in 28 Am. Jur., Injunctions, p. 850, sec. 334, that supports plaintiff's contention. However, the only case cited to support this is *Interstate Nat. Bank v. McCormick* (1923), 67 Mont. 80, 214 Pac. 949, 34 A. L. R. 721, which is also the principal case relied upon by plaintiff. The facts in that case are: Defendant McCormick ordered some hay from a seller located at Kansas City, Missouri. Fifteen cars of hay were shipped to Billings, Montana, under order bills of lading attached to sight drafts drawn against McCormick. The plaintiff bank was a holder in due course of such bills of lading, and thereby became owner of the hay. McCormick paid the drafts covering nine of the cars of hay and took delivery. He then commenced an action against the nonresident seller for damages because the hay was not as represented and secured an injunctional order restraining the railroad companies, whose joint agent at Billings had possession of the remaining six cars of hay, from making any disposition thereof pending the further order of the court. The bank was not made a party to the suit. However, it filed an unsuccessful petition to have the hay released, which was resisted by McCormick. Thereafter, McCormick voluntarily moved to set aside the injunctional order because the hay had become worthless, and it was discharged.

The Montana court held that McCormick's act in securing the injunctional order wrongfully deprived plaintiff bank of its property and constituted a conversion thereof.

Because of this, it was only necessary for the bank to allege facts constituting a cause of action for conversion without going further. A judgment for the value of the hay, as determined by the jury, was affirmed. A careful reading of the court's opinion discloses that the holding of liability *was not grounded on wrongful injunction.* Injunction was merely the device whereby McCormick wrongfully exerted dominion over plaintiff bank's hay so as to cause a tortious conversion thereof. In the instant case, the restraining order issued against the building inspector did not result in any direct interference with plaintiff's possession of its real estate. Therefore, we do not deem that this Montana case is authority for the principle for which it has been cited by plaintiff.

Plaintiff's brief cites no case other than *Interstate Nat. Bank v. McCormick,* where one not a party to the original injunction suit has been permitted to recover damages arising from the issuance of the injunction. We have been unable by independent research to find any other case so holding. Therefore, we consider that the issue presented must be decided on the basis which provides the result most consonant with proper public policy. The learned trial court, discussing the public-policy issue in its memorandum opinion, stated:

"If the plaintiff's position is correct, all persons collaterally affected by an injunction could maintain suits. For example, let us assume that an annexation proceedings were improvidently enjoined; could every homeowner sue to recover for the interim loss of sewer service or school access?

"In my opinion, one who erroneously obtains an injunction may be liable for damages on the grounds of malicious prosecution, which grounds are expressly disclaimed in the case at bar. Such a person may also be liable to one whose property has been taken. However, the scope of responsibility should not be broadened to collateral personages whose property has not been seized, whose acts are not restrained, or who are not parties to the litigation."

We feel this reasoning is eminently sound. Furthermore, this court has traditionally taken a restrictive rather than a liberal position with respect to actions for malicious prosecution, grounded on the institution of prior civil actions, which have terminated unfavorably to the parties who instituted them. *Schier v. Denny* (1960), 9 Wis. (2d) 340, 101 N. W. (2d) 35, and cases cited therein. In keeping with this policy, we are of the opinion that a suit for wrongful injunction should not be maintainable by one not a party to the prior injunction suit.

Another compelling reason exists in the instant case for denying relief to plaintiff on the theory of wrongful injunction. This is the fact that plaintiff had available an adequate remedy to protect itself which it did not see fit to employ. Such remedy was to promptly intervene in the action of *Scheer v. Weis* and demand that Scheer be required to furnish bond as a condition to entering a temporary injunction, or continuing the temporary restraining order in effect pending appeal by Scheer to this court. Plaintiff had such an interest in the subject matter of the controversy as to require it, upon request, to be made a party for its own protection. Sec. 260.19 (1), Stats.; *Fish Creek Park Co. v. Bayside* (1956), 273 Wis. 89, 92, 76 N. W. (2d) 557.

In *White v. Strong* (1929), 230 Ky. 119, 18 S. W. (2d) 960, two partners, doing business as Kentucky River Hardwood Company, commenced an action to quiet title to a certain tract of land against Strong and others. Defendants counterclaimed asserting that title was in themselves and obtained a restraining order which enjoined plaintiffs and their agents from entering upon, cutting, and removing timber therefrom. A copy of the order was served upon White who had a contract from Kentucky River Hardwood Company for the cutting of the timber on the disputed land. After the injunction was dissolved, White brought an action for damages on the injunction bond. The Kentucky court held that White was not entitled to maintain an action

on the bond because he was not a party to the action in which the injunction had been issued. The court pointed out that White could have applied for an order in the first action discharging the restraining order unless a bond to protect him was given, but had not seen fit to do so.

Plaintiff cites *Confidential Loan & Mortgage Co. v. Hardgrove* (1951), 259 Wis. 346, 48 N. W. (2d) 466, as authority to sustain the position that its sole remedy was not to intervene in the prior action of *Scheer v. Weis.* In the *Confidential Loan Case* the plaintiff was the assignee of the conditional seller's title to a tractor and trailer unit sold under a conditional sales contract. Defendant Hardgrove, as sheriff of Fond du Lac county, attached the unit in an action brought against the conditional vendee. Thereafter, plaintiff instituted a replevin action against Hardgrove to recover possession of the unit. Hardgrove defended on the ground that the unit was in *custodia legis* by reason of the attachment, and, therefore, replevin was not maintainable. This court held that plaintiff was entitled to possession and could maintain the replevin action without the necessity of intervening in the attachment proceeding. This was because the unit was not deemed to be in legal custody by reason of the prior attachment. We deem the crux of this determination was the holding with respect to *custodia legis*. It has no efficacy as a precedent on the issue of whether intervention is the sole remedy of one who is not a party to an injunction action but who would be entitled to intervene therein and demand discharge of a restraining order unless adequate bond were ordered for his protection.

Plaintiff also cites cases where recovery has been permitted for wrongful attachment or garnishment in favor of one not a party to the attachment or garnishment proceeding. These cases deal with situations where legal and equitable ownership of chattels is split between two or more parties as a result of chattel mortgages or conditional sales

contracts, and the attachment or garnishment proceeding has been instituted only against the legal or equitable owner and not both. An example of this is where the attachment proceeding, in which the property was seized, named only the chattel mortgagor as a party defendant, and the chattel mortgagee brings the action for wrongful attachment. This type of situation is readily distinguishable from the restraining order issued in *Scheer v. Weis* where there was no seizure of plaintiff's property or any direct interference with its then present use or occupancy.

Plaintiff advances a possible alternative cause of action besides that of wrongful injunction. This suggested alternative cause of action is for unlawful interference with plaintiff's contract rights. *Mendelson v. Blatz Brewing Co.* (1960), 9 Wis. (2d) 487, 101 N. W. (2d) 805, is cited in support of this contention. However, this court is not prepared to hold that an unissued building permit constitutes a contract. Therefore, the restraining order issued in *Scheer v. Weis* did not constitute a wrongful interference with any contract rights of plaintiff.

While not material to the disposition of the instant appeal, we deem it advisable to correct a mistaken view of the law advanced by plaintiff's counsel in argument. Counsel argued that, in *Scheer v. Weis,* the trial court acted improperly in issuing the temporary restraining order without requiring bond. Apparently counsel deemed that sec. 268.06, Stats., required that a bond be furnished as a condition to issuing such temporary restraining order. However, in *Laundry, etc., Local 3008 v. Laundry W. I. Union* (1958), 4 Wis. (2d) 542, 555, 91 N. W. (2d) 320, 73 A. L. R. (2d) 843, we held this statute did not apply to temporary restraining orders.

*By the Court.*—Judgment and orders affirmed.

GORDON, J., took no part.